Nicholas Economou and Lorraine Economou v. Costas Economou a/k/a Costa Economou, Dorothy Economou, and Economou Farms, Inc.

[340 A.2d 86]

No. 235-74

Present: Barney, C.J., Smith, Keyser, Daley, JJ. and Shangraw, C.J. (Ret.), Assigned

Opinion Filed June 3, 1975

Motion for Reargument Denied June 23, 1975

*Gilbert Myers, Esq.*, Essex Junction, for Plaintiffs.

*Saul Lee Agel, Esq.* and *Michael W. Wool, Esq.*, Burlington, for Defendants.

**Smith, J.** Procedural rulings by three different presiding judges must be considered on this appeal by the plaintiffs from the third judge's October 1, 1974, grant of a motion for judgment on the pleadings in favor of the defendants.

The plaintiffs commenced this action in early 1971 with a declaratory judgment petition. The basic theme of this petition was that the defendants' original promises and representations outstripped their subsequent performances with respect to a verbal employment contract and certain conveyances of land between the parties. The defendants answered and filed a motion for summary judgment, relying, among other things, on the statute of frauds and executed releases. The first judge denied the summary judgment motion in a January, 1973, order, ruling that there was "a genuine issue of fact concerning, among other things, the scope, meaning and validity of the releases executed in 1960 and 1962 and also an issue of fact as to whether or not the Statute of Frauds is applicable in this cause . . . ."

One of the plaintiffs' main arguments here is that the October, 1974, order in favor of the defendants was based on the statute of limitations which, as an affirmative defense under

V.R.C.P. 8(c), was waived because not earlier pleaded by the defendants. The record refutes this contention. In both their original answer and motion for summary judgment the defendants asserted the following:

> That any and all of the claims, demands, damages, costs, expenses, actions and causes of action asserted and alleged in the Plaintiffs' Petition for Declaratory Judgment and other Equitable Relief arose from actions, occurrences, transactions, relationships or matters occurring and having their basis prior to the 30th day of April, 1960.

In the answer the above is the second full paragraph in a section clearly labeled "Affirmative Defenses".

■ Such language is sufficiently "simple, concise, and direct." V.R.C.P. 8(e)(1). We cannot accept the argument that the statute of limitations was not brought to the court's attention until September, 1974, when a motion by the defendants specifically cited 12 V.S.A. § 511. For omission of the statute did not prejudice the plaintiffs nor deny them sufficient notice of defendants' claim, thereby hindering their trial preparation. *Cf. Riblet Tramway Co.* v. *Monte Verde Corp.*, 453 F.2d 313, 318-19 (10th Cir. 1972). Further, the court could take judicial notice of the omitted statute. *Blood* v. *Morrill*, 17 Vt. 598, 605-06 (1845); *cf. United States* v. *Provident National Bank*, 259 F.Supp. 373, 376 (E.D. Pa. 1966).

While "summary judgment may be granted to a moving party where the opposing party asserts a claim which is barred by the Statute of Limitations," *Tierney* v. *Tierney*, 131 Vt. 48, 52, 300 A.2d 544 (1972), the correctness of the denial of the summary judgment motion is not now before us. The issue is whether it can be reconciled with the October, 1974 order.

On February 17, 1973, approximately one month after the defendants' motion for summary judgment was denied, the plaintiffs moved to amend their original petition. On May 7, 1974, a hearing was held before a second presiding judge on this and several other motions then pending. The resulting order of that same date, reduced to writing on June 21, 1974, provided:

> Plaintiffs' motion filed February 17, 1973 to amend petition; ruling withheld. Plaintiff to file new petition *nunc pro tunc* within ten days of May 7, 1974. Defendant permitted to respond within time provided by rules; all record as of May 7, 1974 to be construed as supplementary to new petition and no motions or pleadings now of record to be duplicated by future action.

The plaintiffs' amended petition is their original petition with the deletions and additions sought in the February 17, 1973, motion. This amended petition was countered by an answer and various motions to dismiss by the defendants. As mentioned, the motions were treated as a motion for judgment on the pleadings and granted in the defendants' favor by a third judge.

The action of the third judge was erroneous for two reasons. First, the record before this Court nowhere establishes that the plaintiffs' amended petition was admitted by the lower court. In fact, it shows the contrary. The second judge prepared a two paragraph order; the first paragraph granted the plaintiffs' motion to amend and accepted the amended petition. The order, with the first paragraph crossed out, was sent to the clerk of the lower court. An accompanying letter directed the clerk to "note that I have stricken paragraph one since the amended petition was not filed in accordance with the terms and conditions of the order of May 7, 1974, which was confirmed in writing by written order dated June 21." Since it was not filed until May 22, 1974, the amended petition was five days late under the order.

Second, even if the amended petition were before the third judge, his ruling is, in effect, a horizontal reversal of the first judge's order denying summary judgment for the defendants. Generally, in the same case a motion for judgment on the pleadings would present less, rather than totally different, material for the court's consideration. *See* V.R.C.P. 12(c). To allow a subsequent irreconcilable ruling to stand would encourage litigants in superior courts to delay proceedings already initiated while awaiting the future assignment of a presiding judge they believed more likely to rule in their

favor. The appellate process must proceed vertically, not sideways.

The defendants argue, however, that the plaintiffs' amended petition gave rise to new defenses and that they must be allowed to present such defenses. We have examined the two petitions, to both of which, as noted *supra,* the defendants pleaded the statute of limitations. The question is not simply whether the amended petition contained new matter. Since both contained some identical allegations, the question is whether the amended petition gave rise to a defense which need not have been earlier pleaded and which eliminated the genuine issues of fact which the first judge discerned without constituting a horizontal reversal of his ruling. We find no new matter of this nature in the amended petition.

Either of these two reasons requires reversal of the order granting the defendants' motion for judgment on the pleadings. Should this case now proceed to trial, however, the cause of judicial economy would be well served by the earliest possible adjudication on the merits of the defendants' plea of the statute of limitations.

*Reversed and remanded.*