## In re Barbara Knapp

[564 A.2d 1064]

No. 88-383

Present: **Allen, C.J., Gibson, Dooley and Morse, JJ.**

Opinion Filed June 30, 1989

*Clark, Lillie & Holden,* Bennington, for Plaintiff-Appellee Barbara Knapp.

*Witten, Saltonstall & Woolmington, P.C.,* Bennington, for Defendant-Appellant Town of Bennington.

**Gibson, J.** The Town of Bennington (Town) appeals from a decision of the superior court reversing a decision of the Zoning Board of Adjustment (Board) that had denied Barbara Knapp a zoning permit. We reverse and reinstate the Board's decision.

On June 23, 1986, Ms. Knapp applied for a zoning permit from the Town to rebuild a garage and to add a residential unit on its second floor. Ms. Knapp's home is a preexisting, nonconforming use located in Bennington's airport zone. The application was referred by the zoning administrator to the Board, which held a public hearing on the application on July

9, 1986. At the conclusion of the hearing, the Board orally voted to approve Ms. Knapp's application.

The expansion of preexisting, nonconforming uses is regulated by specific standards set forth in § 8.11(3) of the Bennington zoning bylaws, as follows:

> No nonconforming use shall be extended or expanded except with the approval of the Board of Adjustment, provided that said Board shall have found that such extension or expansion will have no adverse effect upon the public health, safety, convenience, and upon the property values in the vicinity, and except in cases where in the opinion of the Board of Adjustment, such enforcement would work a hardship on the owner of an established nonconforming use.

Shortly after the July 9th meeting, the Board reviewed the evidence in preparation for the issuance of written findings, and in so doing concluded that there was insufficient evidence to support a finding of "hardship" as required by the bylaw. In order to remedy this deficiency, the Board decided to reopen the application and on August 18th, duly notified Ms. Knapp that a further hearing would be held on September 10th. The Board also publicized this hearing by placing a legal notice in *The Bennington Banner* on August 25, 1986.

Ms. Knapp submitted written comments to the Board at the September 10th hearing in support of her claim of hardship. Following the hearing, the Board voted to deny her application, and on October 22, 1986, it issued a written decision allowing reconstruction of her garage, but denying the request to add a residential apartment on the ground that the hardship requirement of bylaw § 8.11(3) had not been satisfied.

Ms. Knapp appealed this decision to the superior court pursuant to 24 V.S.A. § 4471. Shortly thereafter, her attorney filed a motion for summary judgment on the ground that since the Board had not issued its decision within forty-five days of July 9th, the date of the initial public hearing, the permit should have issued by default. See 24 V.S.A. § 4470(a). After full briefing by the parties, the court summarily denied the motion without an accompanying opinion.

The appeal was heard on the merits on April 7, 1988, by another judge. By order filed June 28, 1988, the court granted a zoning permit to Ms. Knapp on the grounds that, as a matter of law, the September 10th hearing was a nullity and the Board's forty-five-day time period in which to issue its decision had commenced running on July 9th, at the conclusion of the first public hearing. Pursuant to 24 V.S.A. § 4470(a), the court concluded that the permit must issue by default.

The Town appeals on two grounds. First, it contends that the June 28, 1988 order of the superior court constituted an impermissible "horizontal appeal" from the denial of Ms. Knapp's motion for summary judgment, since the rationale used by the court mirrored that proffered by Ms. Knapp in support of her motion. Second, it claims that the court incorrectly concluded that the September 10th meeting of the Board was a nullity, contending that the Board's decision of October 22, 1986 was well within the forty-five-day period set forth for the issuance of decisions in 24 V.S.A. § 4470(a).

I.

Because Ms. Knapp's motion for summary judgment on § 4470(a) grounds was denied by the trial court, the Town claims that, absent the presentation of new facts at the April 7, 1988 hearing, the trial court was precluded from reconsidering the legal claim that the Board's decision was untimely. To do so, it avers, constituted a "horizontal appeal" such as that condemned in *Economou v. Economou*, 133 Vt. 418, 340 A.2d 86 (1975), in which this Court held that "[t]o allow a subsequent irreconcilable ruling to stand would encourage litigants in superior courts to delay proceedings already initiated while awaiting the future assignment of a presiding judge they believed more likely to rule in their favor. The appellate process must proceed vertically, not sideways." *Id.* at 421–22, 340 A.2d at 88; see also *Kotz v. Kotz*, 134 Vt. 36, 38–39, 349 A.2d 882, 884 (1975) (same).

■■ The Town's reliance on *Economou* is misplaced, however. In *Economou*, one judge denied defendants' motion for summary judgment, while another judge granted defendants' later motion for judgment on the pleadings. We note that a similar legal standard is applied in disposing of both types

of motions. On a motion for judgment on the pleadings, the court must take the facts as pleaded by the nonmoving party as true, and render judgment only if it can do so as a matter of law. See *Bressler v. Keller*, 139 Vt. 401, 403, 429 A.2d 1306, 1307 (1981). Similarly, a motion for summary judgment may be granted if the court finds there to be no genuine issue as to any material fact and judgment can be rendered solely as a matter of law, V.R.C.P. 56(c), with the facts asserted by the nonmoving party regarded as true for purposes of the motion. See *Pierce v. Riggs*, 149 Vt. 136, 139, 540 A.2d 655, 657 (1987).

The primary difference between the two types of motions lies in the record upon which the decision is made: in a motion for judgment on the pleadings, the court looks only to facts as asserted in the pleadings, while a motion for summary judgment expands the record upon which the court makes its decision by allowing the submission of affidavits and evidence. Indeed, the Rules expressly recognize the similar nature of these two motions: "If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . ." V.R.C.P. 12(c). Both motions involved in *Economou*, then, were decided as if the facts were not at issue.

The instant case does not involve two similar motions, however, but rather, one motion and a later hearing on the merits. The first judge's disposition of the motion for summary judgment must be interpreted as a conclusion that a genuine issue existed as to material facts; otherwise, the motion should have been granted. We cannot accept the Town's contention that because the factual basis at trial was the same as that for the motion, the second judge could not reach a different result. Whereas summary judgment proceedings by their very nature preclude a court from making findings when there is a genuine dispute as to the facts, a hearing on the merits is held precisely to determine what the facts are. The differing nature of the two hearings prevents this case from constituting a "horizontal appeal" under *Economou*.

## II.

Pursuant to 24 V.S.A. § 4467, "[a]ny hearing held under this section may be adjourned by the board from time to time, provided, however, that the date and place of the adjourned hearing shall be announced at the hearing." Ms. Knapp contended, and the trial court agreed, that because no notice of an adjournment was given at the July 9, 1986 hearing, the later hearing held on September 10th was a legal nullity. The court concluded that when the Board failed to indicate on July 9th that further proceedings would be held, it had forty-five days from that date in which to issue its written decision under 24 V.S.A. § 4470(a).

Ms. Knapp contends that the § 4467 requirement concerning adjourned hearings is mandatory, not discretionary—that a hearing *may* be adjourned, but if it is, the date and place of the adjournment *shall* be announced at that time. She thus argues that under the plain language of § 4467, we must uphold the ruling of the superior court.

We disagree. In this case, both parties believed the matter closed at the end of the July 9th hearing but for the issuance of the written decision. In preparing the findings required by 24 V.S.A. § 4470(a), however, the Board discovered that one element necessary to the granting of the zoning permit was not supported by sufficient proof: the provision in zoning bylaw § 8.11(3) that "[n]o nonconforming use shall be extended or expanded ... except in cases where ... such enforcement would work a hardship on the owner of an established nonconforming use."

At this juncture, the Board had three options. First, it could issue the permit as announced at the conclusion of the hearing despite the failure of evidence supporting the hardship requirement. Had it done so, however, the permit would have been subject to an appeal to the superior court, where the decision would have been susceptible to reversal as a matter of law for Ms. Knapp's failure to introduce evidence of hardship. Second, the Board could reverse its announced decision and deny the permit for failure of proof. It is reasonable to infer that the Board was seriously considering this step in the absence of additional evidence. Third, the Board could elect to reopen Ms. Knapp's application so that

she might be able to present the required evidence. The Board chose to follow the third alternative and duly noticed the continued hearing as though it were an original one, thus insuring that all interested persons received notice. Ms. Knapp concedes that she had notice of the hearing, and she placed evidence as to hardship before the Board at the continued hearing.

The trial court, in its decision, indirectly concluded that the Board's oral approval at the July 9, 1986 hearing was a final decision. This conclusion is irreconcilable, however, with the provisions of 24 V.S.A. § 4470(a), which require a written decision, including findings of fact. Although § 4470(a) does not explicitly state that the decision of the Board must be in writing, it directs the Board to render its decision, "which *shall include* findings of fact" (emphasis added), within forty-five days and to send copies of the decision to every person appearing and having been heard at the hearing. The statute clearly contemplates that the decision of the Board shall be in writing and that no decision shall take effect until filed or until forty-five days have elapsed without such filing having been made, whichever occurs sooner.

We have previously held that the purpose of the forty-five-day requirement set forth in § 4470(a) "is to encourage prompt consideration of the application within a time certain." *City of Rutland v. McDonald's Corp.*, 146 Vt. 324, 330, 503 A.2d 1138, 1142 (1985) (involving application for a variance under 24 V.S.A. § 4468). The operation of the statute, however, can result in the granting of permits that are inconsistent with the zoning regulations of a municipality to the detriment of other landowners; accordingly, we have cautioned that such statutes should be applied only where their application is clearly consistent with statutory intent. See *In re Fish*, 150 Vt. 462, 464, 554 A.2d 256, 258 (1988), and cases cited therein.

We will not construe a statute so as to reach a result that either renders the act ineffective or leads to irrational results. *In re R.S. Audley, Inc.*, 151 Vt. 513, 517, 562 A.2d 1046, 1049–50 (1989); *In re A.C.*, 144 Vt. 37, 42, 470 A.2d 1191, 1194 (1984). We conclude that to interpret the adjourned-hearing notice provisions of § 4467 as mandatory under the

circumstances existing herein would lead to just such irrational results.

■ Here, the Board was faced with a situation not specifically provided for under the statute: an adjournment, not considered necessary by the Board at the close of the July 9th hearing, but later determined by it to be required so that the applicant could have full opportunity to present the necessary evidence. Thus, the adjourned hearing was scheduled for the benefit of the applicant, with the distinct possibility that the Board was prepared to deny the application in timely fashion had there been no further hearing. Consistent with the cautionary note sounded in *In re Fish*, 150 Vt. at 464, 554 A.2d at 258, we are not willing to impose § 4467's adjourned-hearing notice requirements absent the Legislature's clearly expressed intent that a default permit should issue under these circumstances.

Since the statute does not appear to contemplate the situation presented by the instant case, we will not interpret § 4467 as applicable to it. To do otherwise would be to place the Board in the untenable position of having had to deny Ms. Knapp's application without a further hearing after the original announcement that it was approved, or to approve it on findings of fact subject to reversal on appeal for failure to prove one of the elements necessary under the Bennington zoning bylaws.

We conclude that the Board's actions in noticing a further hearing within the forty-five-day period in which the written decision was to have issued were sufficient to meet its obligations under § 4470(a), since "prompt consideration ... within a time certain," *City of Rutland*, 146 Vt. at 330, 503 A.2d at 1142, was undeniably had.

■ Because we conclude that the Board's actions in noticing a new hearing on the same application within forty-five days tolled its obligation to issue a written decision until after the conclusion of the final hearing, we must also conclude that the Board's written decision of October 22, 1986 (forty-two days after the September 10th hearing) complied with the requirements set forth in 24 V.S.A. § 4470(a).

*The decision of the superior court is reversed, and the decision of the Zoning Board of Adjustment dated October 22, 1986 is reinstated.*