# Virginia Nash v. Warren Zoning Board of Adjustment

[569 A.2d 447]

No. 87-034

Present: Allen, C.J., Peck, Gibson, Dooley and Mahady, JJ.

Opinion Filed October 6, 1989
Motion for Reargument Denied November 7, 1989

*George E. Rice, Jr.*, Montpelier, for Plaintiff-Appellee.

*Gloria K. Rice* of *McKee, Giuliani & Cleveland,* Montpelier, for Defendant-Appellant.

**Dooley, J.** The Warren Zoning Board of Adjustment (Board) appeals an order of the Washington Superior Court granting declaratory relief to plaintiff Virginia Nash. At issue is the court's holding that, after the Board had voted initially to approve Nash's application for a conditional use permit, it lacked the authority to reopen the matter and deny the application. The court declared the Board's denial of the permit to be void. We reverse.

Under the zoning bylaws of the Town of Warren, a conditional use permit is required for any development involving meadowland. On October 22, 1985, Nash filed an application for such a permit with the Board, proposing to build a single-family dwelling on the meadowland portion of a rural parcel of land that she planned to purchase. A public hearing was held on November 13, 1985, at which the Board heard from Nash and her architect/builder. Because the parcel at issue contained both meadowland and woodland, the Board questioned the architect about the possibility of building in the wooded area. He responded by describing that area as steep, wet, and rocky, giving the impression that building there would be very difficult or impossible. One Board member, citing his familiarity with the parcel, disagreed with the architect's assessment.

The Board chose to give immediate consideration to Nash's application, and it was approved by a majority vote. Nash was told that a written decision would be issued and that thirty days would be allowed for appeal. On December 2, 1985, she completed her purchase of the property. No written decision was issued following the public hearing.

The chairman of the Board, who had voted against the permit, visited the parcel of land and decided that the Board had been misled regarding the feasibility of building in the wooded area. On December 9, 1985, the Board warned a further hearing on the Nash application to be held on January 9, 1986. At that hearing, the chairman moved for reconsideration of the permit application, and the Board approved the motion. The minutes of

that meeting indicate that the Board was presented with a topographical map of the parcel that was not in evidence at the first meeting. After hearing again from Nash, her architect, and other interested persons, the Board voted to deny the application. A written decision denying the application was issued on February 17th. That decision stated that the Board had reopened the proceeding because of applicant's "misleading claim that the wooded portion of the land is not in fact developable." The Board found that the application did not meet the conditional use requirement that the lot "contain no developable acreage except meadowland."

Nash filed a notice of appeal in the superior court on March 16th. She also petitioned the court for declaratory relief, asking that the Board's denial of the permit be declared void. At the hearing, she asked the court to reach a decision on the petition before proceeding with the appeal, reasoning that a ruling in her favor would be dispositive of the appeal. The court conducted the hearing and granted the declaratory relief, holding that the Board's November 13, 1985, vote was a decision that could not be reopened and set aside after the appeal period ran.

The Board appeals from the superior court's order, raising the following issues: (1) whether declaratory relief is available in a case where the appeal has been effectively abandoned;[1] (2) whether the declaratory judgment action could be maintained without joining the Town of Warren as a necessary party; and (3) whether the court erred, in any event, by granting the petition for declaratory relief.[2] Because we reverse on the final claim of error, we do not address the other issues.[3]

---

[1] Following the briefing in this case, this Court decided *McGlynn v. Town of Woodbury*, 148 Vt. 340, 343, 533 A.2d 1187, 1189 (1987), where we held that failure to file a timely appeal foreclosed further review "whether it be by an appeal, an action for declaratory judgment, or a request for injunctive relief." Here the plaintiff filed a timely appeal but did not pursue it. We do not reach whether the mere filing of the notice is sufficient to create jurisdiction for a declaratory judgment action.

[2] The Board also contends that Nash lacked standing to appeal to the superior court, but we do not consider the question because it was not raised below.

[3] Plaintiff argues in her brief that the Board does not have standing to appeal to this Court because it is not an interested party under 24 V.S.A. § 4464(b).

A central part of the superior court's decision is its determination that the vote on the Nash application was a final decision, even though the Board had not yet issued written findings and conclusions. Thus, the court concluded that the Board had reopened the matter after a final decision and after the appeal period had run. We believe that this conclusion was erroneous.

In general, the procedures that zoning boards of adjustment must follow are set out in subchapter 8 of chapter 117 of Title 24, under the heading "Appeals." This subchapter clearly applies to appeals from decisions of zoning administrators, requests for variances, and requests for permits for certain structures on lands that may be taken for public use. See 24 V.S.A. § 4464(c). We have recently held that § 4470(a) (within subchapter 8) requires that zoning board decisions be in writing and "that no decision shall take effect until filed" or the statutory time period for a decision had expired. *In re Knapp*, 152 Vt. 59, 65, 564 A.2d 1064, 1067 (1989).⁴ Thus, it is clear that the superior court's decision in this case was erroneous if the provisions of subchapter 8 generally, and the provisions of § 4470(a) specifically, apply to conditional use proceedings.

The authority for a municipality to create conditional uses— i.e., those permitted by approval of the board of adjustment—is set forth in 24 V.S.A. § 4407(2). This statute, titled "Permitted types of regulations," is contained in subchapter 6. The procedure under § 4407(2) is similar to that used for variances. See 24 V.S.A. § 4468(a). The zoning ordinance establishes specific standards to which a conditional use must conform, and the zoning board "after public notice and public hearing" must determine that the proposed use conforms to the standards. 24 V.S.A. § 4407(2). The statute requires that the board act on a conditional use request "within sixty days after the date of the

---

See, e.g., *Sabourin v. Town of Essex*, 146 Vt. 419, 420, 505 A.2d 669, 670 (1985). This argument is applicable only to appeal proceedings. This is a declaratory judgment action in which plaintiff brought her action against the zoning board.

4 *Knapp* was actually a conditional use case with facts similar to those in this case. See 152 Vt. at 60–62, 564 A.2d at 1064–65. The parties treated it as if it were an appeal from the zoning administrator's decision and argued it was governed by § 4470(a).

final public hearing held under this section." Failure to do so is deemed to be approval of the application.

While its decision does not say so directly, we infer that the trial court found that § 4407(2) was self-contained so that only the procedure specified therein applies in conditional use cases. We think that construction of the statute is erroneous.

In approaching the statute we note that we "must look to the whole statute, the subject matter, its effects and consequences, and the reason and spirit of the law." *In re R.S. Audley, Inc.*, 151 Vt. 513, 517, 562 A.2d 1046, 1049 (1989). Our "primary objective is to give effect to the intent of the Legislature." See *In re Spencer*, 152 Vt. 330, 336, 566 A.2d 959, 962 (1989).

Using the canons of statutory construction, we believe that the procedural requirements of subchapter 8 apply to conditional use cases. A number of considerations lead to this result. First, the provisions of subchapter 8 cover more than the title "Appeals" suggests. For example, the authorization for the zoning board of adjustment and the basic structural provisions for the board are contained within the subchapter. See 24 V.S.A. §§ 4461–4462. These provisions are very broad and clearly apply to any proceeding before the board. See, e.g., 24 V.S.A. § 4462(a) ("For the conduct of any hearing and the taking of any action, a quorum shall be . . . ."). Second, the statutes use the term "appeal" in a broad sense to mean a request for zoning board action with respect to any decision or action of the zoning administrator, even where the zoning administrator could not give the relief requested of the board. Thus, a request for a variance is an "appeal" even though the zoning administrator could not grant the relief. See 24 V.S.A. § 4468(a). Under this definition, a request for a conditional use permit is an appeal. Third, the statutes use the term "appeal under this chapter" to suggest that all appeals in chapter 117 are covered. That chapter deals broadly with planning and zoning and includes appeals outside the itemized list in subchapter 8. See 24 V.S.A. § 4467. By its terms, this language covers proceedings in other subchapters, like the conditional use proceeding. Fourth, the authorization for appeals to superior court from zoning board

decisions is in § 4471, within subchapter 8. A conclusion that subchapter 8 does not apply to conditional use proceedings may preclude appeals from denials of conditional use permits. We note that plaintiff in this case appealed to superior court under § 4471. Finally, we believe that the procedural requirements of the conditional use provision, § 4407(2), are too limited and brief to be self-contained. Major procedural issues covered in subchapter 8 are not mentioned in § 4407(2).

We also believe that the specific procedural issue involved in this case, whether written findings are required, is governed by § 4470(a). We have emphasized that findings are critical in zoning proceedings for a number of reasons. See *City of Rutland v. McDonald's Corp.*, 146 Vt. 324, 329 n.2, 503 A.2d 1138, 1142 n.2 (1985). We can think of no reason why the Legislature would require written findings in variance cases or in other appeals from zoning administrator decisions, but not in conditional use cases. In fact, in conditional use cases, the board must determine conformance with general and specific standards, a determination that necessarily requires findings of fact.

We recognize that § 4407(2) is inconsistent with § 4470(a) in one respect, that is, the time limit within which the board must act: the board has sixty days following final hearing within which to act in a conditional use case, but only forty-five days to act in other cases. Here, the Legislature has clearly evaluated the different types of proceedings and decided that different time limits apply.

For the above reasons, we hold that § 4470(a) applies to conditional use proceedings, except where § 4407(2) specifically requires a different procedure. Under *In re Knapp*, as discussed above, the decision of the Board on the conditional use application had to include written findings of fact to comply with § 4470(a). The vote taken on the night of November 13, 1985 did not qualify as a final decision.[5] Since the November

---

[5] We observe that if the superior court were correct in holding that a vote by the Board is a final determination and that the appeal period begins to run at that point, then it would have had no jurisdiction over either Nash's appeal or her petition for declaratory relief. Nash would have been "appeal-

vote was not a final decision, there was no breach of procedural requirements by the Board.

Substantial authority supports the proposition that a municipal zoning authority may reopen proceedings and reconsider a decision where new evidence is submitted.[6] See, e.g., *Winchester v. W.A. Foote Memorial Hospital, Inc.*, 153 Mich. App. 489, 499–500, 396 N.W.2d 456, 461 (1986); *Griauzde v. City of Nashua*, 103 N.H. 468, 470, 174 A.2d 432, 433–34 (1961); *Marks v. Zoning Board of Review*, 98 R.I. 405, 406–07, 203 A.2d 761, 763 (1964); and 8A E. McQuillin, The Law of Municipal Corporations § 25.274, at 373 (3d ed. 1986); cf. *Cape Ann Land Development Corp. v. City Council of Gloucester*, 374 Mass. 825, 826, 373 N.E.2d 218, 219 (1978) (city could not reconsider special building permit application where no new evidence had become available). Here, at the January 9th meeting, interested persons presented the Board with a topographical map that had not been available at the first meeting. The Board was able to conclude that the contours and soils of the woodland area in the parcel at issue were not appreciably different from those of the meadowland.

■ Even if the Board acted improperly in reopening the proceedings, the plaintiff would not be entitled to a declaratory judgment in this case. Since the November vote was not a decision that could be recognized in a declaratory judgment proceeding, plaintiff would have to argue that the Board took no

---

ing" the Board's second vote here, that occurring on January 6th. She did not file her notice of appeal until March 16th, which was within thirty days of the written denial but over sixty days after the vote itself. Failure to file a timely appeal of a zoning board's decision precludes the maintenance of a declaratory judgment action as well as the appeal itself. *McGlynn v. Town of Woodbury*, 148 Vt. at 343, 533 A.2d at 1189.

6 Although plaintiff has not argued it directly, we have considered whether the original vote and plaintiff's reliance on it could estop the Board from reopening the proceeding. "'Estoppels against the government are rare and are to be invoked only in extraordinary circumstances.'" *Price v. Department of Employment & Training*, 150 Vt. 78, 80, 549 A.2d 641, 642 (1988) (quoting *In re McDonald's Corp.*, 146 Vt. 380, 383, 509 A.2d 1202, 1203–04 (1985). An essential element of estoppel is justified reliance. See *In re Spencer*, 152 Vt. at 342, 566 A.2d at 965. Here, even if we accept plaintiff's view of the case, she purchased the property within the thirty-day appeal period after the November 13th vote. Thus, plaintiff was not acting in reliance on the Board vote.

action within sixty days "after the date of the final public hearing" as required by § 4407(2). We held in *In re Knapp*, 152 Vt. at 65–66, 564 A.2d at 1067–68, that the statutory time limit provisions cannot be used to create a remedy that automatically grants a zoning permit for procedural violations not directly related to the timeliness of board action. See also *In re Fish*, 150 Vt. 462, 464, 554 A.2d 256, 258 (1988). It would be inappropriate to grant a zoning permit by declaratory judgment where the alleged violation of plaintiff's procedural rights is that the board had inadequate grounds to reopen the proceedings. The remedy, if any, in such a case must come in an appeal on the merits to superior court under § 4471.

*Reversed and remanded.*