GRANGER ENTERPRISES, LTD.
v. CITY OF RUTLAND, Vermont
Board of Zoning Adjustment

[590 A.2d 883]

No. 89-601

March 1, 1991. The Rutland City Zoning Board of Adjustment (Board) appeals the superior court's ruling that the Board's action on the variance request of Granger Enterprises, Ltd. (Granger) was ineffective as it was taken by less than the concurrence of a majority of the Board. We reverse.

It is not disputed that four members of the seven-member Board were present at the public hearing during presentation of testimony on Granger's variance request. Nor is it disputed that these four members joined in the issuance of the Board's written findings, conclusions, and decision denying this request. The superior court's conclusion that "only three members of the Board who acted on the decision were entitled to do so" is premised on the fact that one of these four members did not participate in an interim vote by the Board denying Granger's request. We do not find that the member's absence from this vote renders her unable to participate in the Board's decision. The statute, our prior precedents interpreting the statute, and reason all point away from according such weight to the member's absence.

Upon appeals to the Board concerning a decision or act taken by a zoning administrator, the statute makes express provision for a public hearing, 24 V.S.A. § 4467, and for a decision by the Board, including findings of fact, rendered within forty-five days after completion of the hearing. 24 V.S.A. § 4470, 4468(a). In contrast, the statute makes no express provision for a mandatory vote. Our precedents have recognized that it is the Board's written decision, not their vote, which is determinative of an appeal. See *Nash v. Warren Zoning Board of Adjustment*, 153 Vt. 108, 113, 569 A.2d 447, 451 (1989) (rejecting superior court's holding that Board's vote at public hearing was a final decision which could not be reopened because of the passage of time; the vote did not qualify as a final decision as it did not include the written findings of fact

contemplated by § 4470(a)); *In re Knapp*, 152 Vt. 59, 65, 564 A.2d 1064, 1067 (1989) (Board's vote at public hearing was not a final decision, where Board subsequently changed its determination upon further review of the evidence, because § 4470(a) "clearly contemplates that the decision of the Board shall be in writing and that no decision shall take effect until filed or until forty-five days have elapsed"). Further, no reason has been put forward for why the member's absence from the vote should render her unable to participate in the Board's decision. Granger does not explain how the member's absence from the vote fatally interfered with her ability to measure the written findings, conclusions, and decision against the evidence she had heard, and her ability to express agreement with the written findings, conclusions and decision by affixing her signature.

Granger also argues that the variance devolved to it because the minutes of the meeting at which the vote was held failed to contain a recitation of factual findings, and a city attorney was directed to prepare the Board's decision.

First, there is no statutory requirement that the minutes must contain a recitation of the Board's factual findings. See 24 V.S.A. § 4462(a) (setting forth what must be included in the minutes). Second, as demonstrated above, Granger's focus on the meeting at which the vote was held is misplaced. The decision of the Board was its written findings, conclusions, and decision. See *Nash*, 153 Vt. at 113, 569 A.2d at 451; *Knapp*, 152 Vt. at 65, 564 A.2d at 1067. It is the findings of fact contained in this decision which we review for sufficiency. *City of Rutland v. McDonald's Corp.*, 146 Vt. 324, 329–30, 503 A.2d 1138, 1141–42 (1985). Because we find these to be "sufficient to inform interested persons of the reasons for the decision," *id.* at 330, 503 A.2d at 1142, Granger's attack on the

factual findings fails. Further, we do not find the Board's decision to be defective because it was drafted by a city attorney.

*Reversed.*

Motion for reargument denied April 3, 1991.