STATE OF VERMONT

ENVIRONMENTAL COURT

|                        |   |                       |
|------------------------|---|-----------------------|
| In re: Appeal of       | } |                       |
|   Daniel Manor | } | Docket No. 3-1-99 Vtec |

Decision and Order on Motion for Summary Judgment

Appellant appealed from a November 30, 1998 decision of the Zoning Board of Adjustment (ZBA) of the Town of Castleton, upholding a Notice of Violation issued on July 30, 1998. Appellant is represented by Robert P. McClallen, Esq.; the Town is represented by John S. Liccardi, Esq. Interested persons John and Leslie Knox represent themselves and have not participated in the motions for summary judgment. Appellant has moved for summary judgment on Questions 1, 2, and 3 of the Statement of Questions.

On June 9, 1998, the Zoning Administrator served a Notice of Violation on Appellant by certified mail, alleging a violation of his permit for a storage barn for agricultural and forestry use. He filed a timely appeal. After several exchanges of correspondence and telephone calls between the Zoning Administrator and Appellant's attorney regarding the substance, procedure and scheduling of the matter, the Zoning Administrator issued and served a second Notice of Violation on July 30, 1998. The July 30, 1998 Notice of Violation stated on its face that it superseded all other notices of violation on the parcel.

It stated as the violation: "The approved application was for a storage barn for agricultural and forestry use with no changes in landscaping. This barn is being used for the storage of plumbing supplies and a substantial portion of the property has been cleared." The Notice of Violation cited 24 V.S.A. §4444 and §1100 of the Castleton Zoning Ordinance, and stated that Appellant had seven days to cure the violation or "you shall be subject to a fine of $50 per day." However, the notice of violation did not inform the Appellant that he could contest the decision by filing a notice with the secretary of the ZBA within 15 days, and did not cite 24 V.S.A. §4464(a) which provides the procedure for appealing a Notice of Violation or other action of the Zoning Administrator. Nor did the Notice of Violation inform Appellant that the appeal to the ZBA is the exclusive remedy for challenging the Notice of Violation, or that the finding of violation would be final in fifteen

1

days unless he filed such a notice of appeal.

In fact, Appellant did file a timely appeal of the July 30, 1998 Notice of Violation, on August 14, 1998. The first sentence of 24 V.S.A. §4467 provides that the ZBA "shall set a date and place for a public hearing of an appeal under this chapter, which shall be within sixty days of the filing of the notice of such appeal." Section 4467 also provides a procedure by which the ZBA may adjourn the hearing from time to time, provided that the date and place of the next hearing is announced at the previous hearing. In the present case the sixtieth day after the filing of the notice of appeal fell on October 13, 1998.

At some time in August, the Zoning Administrator offered Appellant's attorney two possible hearing dates for the hearing on the appeal: a September date and October 13, 1998.

By letter dated August 24, 1998, Appellant's attorney chose the October 13, 1998 hearing date. At some later time, the Zoning Administrator became aware that the Town's attorney would be unavailable for the scheduled October 13, 1998 hearing. Without convening the hearing and then adjourning it, but instead by letter dated September 21, 1998, the zoning administrator rescheduled the hearing to October 27, 1998. That date was the seventy-fourth day after the filing of the notice of appeal, but no mention was made of the §4467 deadline in the letter.

At no time after receipt of the letter rescheduling the October 13 hearing and at no time prior to the hearing date did Appellant's attorney object to the October 27, 1998 date for the hearing as being beyond the time provided in §4467. Appellant's attorney did discuss with the Zoning Administrator the scheduling of the time of Appellant's hearing within that hearing date, to accommodate her travel distance to reach Castleton. The town's rescheduling of the hearing by letter, instead of doing it at the hearing, saved Appellant and his attorney the travel time and attorney's fees that would have been incurred by convening and adjourning the hearing on October 13.

The hearing was held October 27, 1998, and Appellant and his attorney participated. At the hearing, before presenting evidence, Appellant's attorney first raised the objection to the timeliness of the hearing as beyond the time permitted by §4467.

Appellant now argues that as the ZBA hearing on his appeal was not held within 60 days of his filing of the notice of appeal as required by 24 V.S.A. §4467, the ZBA had no

authority to act on his appeal and both the ZBA decision and the underlying Notice of Violation should be vacated.

We note that the ZBA could have convened the hearing as planned on October 13, 1998, within the 60 day period, and then could have adjourned the hearing to a later date due to the unavailability of the town's attorney. The September 21, 1998 letter adjourning the hearing until October 27, 1998 was the functional equivalent of convening the hearing on the scheduled date and then adjourning the matter to a date when the town attorney would be available, without causing Appellant and his attorney the time and expense of travel to the initial hearing. If Appellant or his attorney had objected to this adjournment procedure, they had ample time between receipt of the September 21, 1998 letter and the scheduled date of the October 13, 1998 hearing to make those objections known, before the running of the 60-day period. Instead, they allowed the period to run and then made the objection. By failing to object in advance to the rescheduled hearing, in the present case, Appellant has waived that objection. Also see discussion of §4467 adjournment requirement in In re Knapp, 152 Vt. 59 (1989); In re Appeal of Fish, 150 Vt. 462 (1988).


Adequacy of Notice of Violation

Appellant also argues that the Notice of Violation violated the provisions of 24 V.S.A. 4464(a) in that it failed to advise the Appellant that the finding of the violation would be final in fifteen days unless he filed a request for a hearing.

Town of Randolph v. Estate of White, 166 Vt. 280, 285-86 (1997), establishes the current standard[1] for adequacy of a notice of violation. As in the present case, the NOV ruled to be deficient in that case had failed to inform the landowner that he could contest the zoning administrator's determination by appealing to the Zoning Board of Adjustment

---

[1] We note that in the Estate of White case the Supreme Court had the opportunity to address a second ground asserted for inadequacy of the NOV and declined to do so. The landowner had argued that the NOV in that case had failed to advise that the ZBA proceeding is the exclusive remedy for challenging the decision of the zoning administrator, or that the zoning administrator's decision would become final unless appealed to the ZBA. 166 Vt. at 283. See, also, Town of Barnard v. Rhoades, Docket No: 228-12-98 Vtec (Vt. Envtl. Ct., May 3, 1999); In re: Appeal of M.T. Associates and Midway Oil Corp., Docket No. 192-12-97 Vtec (Vt. Envtl. Ct., October 23, 1998).

3

(ZBA) within 15 days.  The Supreme Court focused on this deficiency in its decision, ruling that "the notice must state the facts that support the finding of a violation, the action that the [town] intends to take, and information on how to challenge the notice."  That is, the NOV must "inform the defendant how to contest the decision." 166 Vt. at 285 and 287. However, unlike in the Estate of White case, in the present case Appellant did file a timely notice of appeal and was not prejudiced by the insufficiency of the Notice of Violation.  In any event, the remedy for insufficient notice of the consequences of a failure to appeal would be to allow an appellant the opportunity to file a late appeal; such a remedy is unnecessary in the present case.

Accordingly, based on the foregoing, Appellant's Motion for Summary Judgment is DENIED.  We will hold a telephone conference in this matter on September 22 or 25, 2000; if John and Leslie Knox wish to participate they should provide the Court with a telephone number at which they may be reached.

Done at Barre, Vermont, this 5th day of September, 2000.

_____
Merideth Wright
Environmental Judge