# STATE OF VERMONT

# ENVIRONMENTAL COURT

Appeal of Mutschler, Canning }
and Wilkins }
}     Docket No.260-11-02 Vtec
}
}

<u>Decision and Order on Appellants= Motion for Partial Summary Judgment</u>

Appellants William Mutschler, Crystal Canning and Brenda Wilkins appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Burke granting Appellee-Applicants Scott and Mildred Chappell a variance[1]. Appellants are represented by Robert R. Bent, Esq; Appellee-Applicants are represented by Peter J. Morrissette, Esq; and the Town is represented by Jill L. Broderick, Esq. Appellants moved for summary judgment as to Question 2 of their Statement of Questions: whether Appellee-Applicants= proposed use for their lot is permissible under 24 V.S.A. 4406(1). The Town did not participate in the briefing of the motion.

The following facts are undisputed unless otherwise noted. Appellee-Applicants own an approximately .37-acre parcel[2] of land on Kirby Road across from its intersection with Maple Road, containing a pre-existing non-conforming building used as a workshop. From the plan provided to the Court, it appears that the lot is nonconforming at least as to lot size, and that the existing building is non-conforming at least as to setback to the road. Depending on when the merger of the prior two lots occurred with respect to the adoption of the first zoning ordinance in the Town of Burke, it appears to be an existing small lot[3] under 24 V.S.A. ' 4406(1) and ' 301 of the Zoning Bylaws. Material facts are in dispute, or at least have not been provided to the Court, as to the dates of the pre-existing use of the building as a workshop, whether that use has been continuous or has lapsed, and as to the relationship of the woodworking workshop use proposed by Appellee-Applicants and the pre-existing use of the building.

Appellee-Applicants= applied for a variance to relocate and replace the existing shop building on their lot. The replacement structure is proposed to be 44 feet long, in an L-shape, with a detached storage shed. It is proposed to include a workshop and office, with toilet facilities on each floor. Material facts are in dispute, or at least have not been provided to the Court, as to the footprint of the existing building as compared to the new one.

Appellants argue that the proposed use is prohibited by 24 V.S.A. ' 4406(1) because the statute only allows permitted and not conditional uses to be built on existing small lots. The statute provides an exemption from the lot size requirement, and **only** from the lot size requirement, for existing undersized lots. It allows such lots to be improved for the purposes allowed in the district in which they are located, whether those purposes appear in the ordinance as permitted uses or conditional uses. However, it is essential to note that the statute does not exempt existing undersized lots from other requirements of the ordinance such as setback requirements or obtaining site plan approval or conditional use approval, or meeting all the variance criteria if a

variance is requested (including that the variance be the minimum necessary to provide relief from the hardship).

Accordingly, Appellants= Motion for Summary Judgment is DENIED, in that Appellee-Applicants may continue a preexisting nonconforming use of the land under Article 4 of the Zoning Bylaws, may apply for a change to a non-conforming use under ' 401 of the Zoning Bylaws, may apply for expansion or relocation of a pre-existing noncomplying structure under ' 402, may apply for approval of any permitted or conditional use on the lot, and may apply for a variance.

However, more importantly for this application, it is entirely unclear to the Court why this application was treated as a variance rather than under Article 4. The application form does not seem to provide a space for an applicant to check off for application to the ZBA under ' ' 401 or 402. The parties did not provide the decision of the ZBA (which may or may not have been issued as a separate written decision[4] or simply as part of the minutes of the ZBA) from which the Court could determine what criteria were applied to the application.

We must note that while this appeal is de novo before the Court, the Court is limited to the application that was before the ZBA. We will hold a telephone conference to discuss the appropriate next step in this appeal or this application on May 2 or May 9, 2003. We request that the Town= s attorney be prepared to state at that conference the Town= s position on whether Article 4 is applicable to this application.

Done at Barre, Vermont, this 15th day of April, 2003.

_____

Merideth Wright
Environmental Judge

---

**Footnotes**

[1.] A prior permit issued to Appellee-Applicants to build a woodworking shop and apartment on the lot was appealed under Docket No. 215-9-02 Vtec, but Appellee-Applicants withdrew the underlying permit application (apparently due to difficulties designing a qualifying sewage disposal system for residential use) and the appeal was dismissed as moot.

[2.] From Exhibit B attached to Appellants' motion, it appears that this lot was formed from the merger of an earlier 0.14-acre lot containing the existing building and an earlier 0.23-acre vacant

lot. Material facts are in dispute, or at least have not been provided to the Court, regarding when the merger occurred.

3.   To the extent that <u>Lubinsky v. Town of Fair Haven</u>, 148 Vt. 47, 51 (1986) suggested that the existing small lot provision of the statute only applied to vacant lots, it has been superseded by <u>Appeal of Richards</u>, 13 Vt. L. Week 265 (September 20, 2002).

4.   See 24 V.S.A. §4470(a); <u>In re Knapp</u>, 152 Vt. 59, 65 (1989).