**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

Appeal of County of Windsor　　　}
　　　　　　　　　　　　　　　　　}
　　　　　　　　　　　　　　　　　}　　Docket No. 88-5-03 Vtec
　　　　　　　　　　　　　　　　　}
　　　　　　　　　　　　　　　　　}

Decision and Order on Village=s Motion to Dismiss for Mootness

Appellant County of Windsor appealed from two conditions imposed in a decision of the Planning Commission of the Village of Woodstock, granting site plan approval for conversion of the former correctional facility at 62 Pleasant Street to use as a courthouse, for offices for the Probate Court, and for the sheriff= s office, including a secure parking area for the sheriff= s department= s vehicles. Appellant-Applicant County is represented by Martha M. Davis, Esq.; the Village is represented by Emily S. Davis, Esq.

We reiterate the procedural history of the appealable actions of each of the municipal bodies or officials in this matter. The proposal first obtained conditional use approval from the Zoning Board of Adjustment, under ' 710 of the Zoning Regulations[1]. That decision was not appealed and became final.

The proposal next obtained site plan approval from the Planning Commission, under ' 709 of the Zoning Regulations. That decision was appealed to this Court in the present appeal. This site plan approval decision contained two conditions which the County wishes to contest: that the fence as it currently exists shall be removed before the Probate Court takes occupancy; and that the Planning Commission shall review the proposed plan for the sheriff= s fenced parking enclosure.

Based on the ZBA= s issuance of conditional use approval and the Planning Commission= s issuance of site plan approval, both of which are prerequisites to the issuance of a zoning permit by the Administrative Officer[2] in cases for which they are required (see ' ' 709(A) and 710(A)), the Administrative Officer then issued a zoning permit under ' 707 of the Zoning Regulations and 24 V.S.A. ' 4443. The zoning permit contained the same conditions as those in the Planning Commission decision. As we discussed in the Decision and Order of September 11, 2003, Vermont= s zoning statute does not provide for a direct appeal of any action of a Zoning Administrator, such as this issuance of a zoning permit, directly to Environmental Court. Rather, such an action of a zoning administrator must be appealed within 15 days[3] to the Zoning Board of Adjustment (or development review board in municipalities that have created a consolidated board). 24 V.S.A. ' 4464(a). Thus, we ruled that the zoning permit was not appealed and both it and its conditions became final on May 8, 2003.

The Village has now moved to dismiss the County= s appeal of the Planning Commission= s decision for mootness. The Village argues that the appeal is moot because the conditions in dispute are in any event also included in the final zoning permit, which cannot now be challenged, either directly or indirectly. Town of Charlotte v. Richmond, 158 Vt. 354, 357 (1992); and see In re Jackson, 2003 VT 45, 14 Vt. L.W. 140, 144 (May 9, 2003).

Generally, a case becomes moot A when the issues presented are no longer > live= or the parties lack a legally cognizable interest in the outcome.@ In re S.H., 141 Vt. 278, 280 (1982). In the land use context, an appeal is not moot if the challenged order A will have a continuing impact on future action.@ In re Barlow, 160 Vt. 513, 518 (1993).

In the present case, the County= s appeal from the Planning Commission= s decision has not become moot merely because the zoning permit includes the same conditions as the Planning Commission= s decision. Appellant County has a legally cognizable interest in having a de novo ruling from the Court on the two contested conditions in the Planning Commission= s decision, as both conditions have a continuing impact on the County= s future plans for this facility. Further, if the Court were to alter or delete either of the contested conditions in the present appeal, the County could thereafter apply for an amended zoning permit on that basis. In re Application of Carrier, 155 Vt. 152, 158 (1990) and see Appeal of Addison County Eagles, Docket No. 13-1-00 Vtec (Vt. Envtl. Ct., May 7, 2001). An applicant may apply for the amendment of a final zoning permit, on the basis of changed circumstances, and may thereafter properly appeal the ZBA= s decision on that amendment application. Such an application may be made by the permit holder after the permit has become final, even though a municipality may not withdraw an issued permit after the appeal period has expired, see Appeal of Dunn, Docket No. 2-1-98 Vtec (Vt. Envtl. Ct., March 8, 1999); Nash v. Warren Zoning Board of Adjustment, 153 Vt. 108 (1989), without risking liability for the costs of the permit holder= s reliance on an incorrectly-issued permit. See, My Sister= s Place v. City of Burlington, 139 Vt. 602 (1981).

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that the Village= s Motion to Dismiss this appeal as moot is DENIED. We will hold a brief telephone conference on December 2, 2003 (see enclosed notice) to discuss the scheduling of this matter for trial.

Done at Barre, Vermont, this 24th day of November, 2003.


_____
Merideth Wright
Environmental Judge

---

**Footnotes**

1.  Appellant County's October 10, 2003 memorandum stated that the ordinance was attached, but it was not attached. The Village provided pages 38 through 41 (covering §§707, 709 and 710) from the current ordinance, effective in January of 1999. Appellant should advise the Court as soon as possible if it believes this is not the applicable ordinance.

2.  Also called the Zoning Administrator.

3.  The appeal time for appeal of an action of the Zoning Administrator to the ZBA (or DRB) is 15 days under the statute (24 V.S.A. 4464(a)); that time cannot be altered by a town's ordinance and is not altered by §707(F) of the Zoning Regulations. Rather, §707(F) only suspends the effective date of an issued zoning permit so that it does not take effect during the appeal period, consistent with the statute. 24 V.S.A. §4443(a)(3). Thus, for a zoning permit issued by the Administrative Officer (an 'administrative permit') the permit does not take effect for 15 days, while for a zoning permit issued on the basis of a 'board' decision the permit does not take effect for 30 days.