**State of Vermont**
**Superior Court—Environmental Division**

======================================================================
**E N T R Y   R E G A R D I N G   M O T I O N**
======================================================================

<u>**Town of New Haven v. Clark**</u>                                   **Docket No. 25-3-13 Vtec**
**(Municipal Enforcement)**

Title: Motion of Plaintiff Town of New Haven for Judgment on the Pleadings

Filed: October 30, 2013

Filed By: Town of New Haven

Response: In opposition filed on December 2, 2013 by Donald and Jenny Clark

 _X_  Granted in part                      _X_  Denied in part                      ___  Other


The Town of New Haven ("the Town") seeks judgment on the pleadings in this municipal enforcement action against Donald and Jenny Clark.  Specifically, the Town argues that, even when taking as true all assertions in the Clarks' Answer (filed May 8, 2013), the Court must conclude that the Clarks no longer may challenge the Town's representation that certain zoning violations occurred at the Clarks' property.  As a consequence, the Town asserts that it is entitled to judgment as a matter of law, including the right to injunctive relief and fines.  The Clarks oppose the Town's motion.

The Clarks acknowledge that they were served with a March 13, 2012 Notice of Violation ("NOV"), that they did not timely appeal, and that they therefore can no longer contest that unappealed NOV.  The Clarks argue, however, that the Town has not established that the violations continued when this enforcement action commenced.  The Clarks also argue that the NOV cannot form the basis for finding a violation occurred with respect to the filling of their land, because the NOV states that the Clarks' pond was "in the process of being filled" at the time of the NOV.  We address these two arguments in turn below, concluding that while the Town is entitled to judgment on a portion of its complaint, it is not entitled to judgment on the whole of its complaint.  We therefore **GRANT** the Town a partial judgment on the pleadings, but **DENY** the remainder of its judgment request.

The Town is represented in these proceedings by Cindy Ellen Hill, Esq., and the Clarks are represented by Fritz Langrock, Esq.

We begin by noting that when considering a motion for judgment on the pleadings, this Court must "take the facts as pleaded by the nonmoving party as true," and we may only grant the motion if the moving party is entitled to judgment as a matter of law, based only on "facts as asserted in the pleadings."  <u>In re Knapp</u>, 152 Vt. 59, 63 (1989); V.R.C.P. 12(c).   We therefore analyze the Town's motion with the assumption that all facts pleaded by the Clarks are true and disregard all contravening pleadings presented by the Town.

In their Answer, the Clarks admit that the Town of New Haven Zoning Administrator ("ZA") advised them by the March 13, 2012 NOV that multiple zoning violations had occurred at their property at 934 North Street in New Haven, Vermont, including:

- a change in the prior permitted use of their property for a feed-mixing business to a trucking business and fabrication/repair shop;
- operation of the trucking business and a fabrication/equipment repair shop without a permit; and
- filling of a pond.

(Complaint at ¶¶ 13–14, filed Mar. 4, 2013); (Answer at ¶¶ 13–14, filed May 8, 2013.)

The Clarks also admitted that they did not appeal the March 13 NOV. (Answer at ¶ 15, filed May 8, 2013.) Thus, taking the facts as pleaded by the Clarks as true, we conclude that the Town is entitled to judgment as a matter of law on the issue of whether the violations described in the March 13 NOV occurred. See Town of Georgia v. King, No. 105-6-10 slip op. at 5 (Vt. Super. Ct. Envtl. Div. Aug. 25, 2011) (Durkin, J.) ("An argument going to whether there was a violation could have been raised in an appeal of the NOV itself, but cannot now be raised in this enforcement action brought by [the municipality]"); 24 V.S.A. § 4472(d) (if persons with a right to appeal the NOV fail to do so within 15 days, they "shall be bound by that decision").

Nevertheless, we must also conclude that the pleadings fail to establish (1) the duration of each violation described in the March 13 NOV and (2) what fines or penalties are appropriate. Specifically, we are unable to conclude whether each violation continued beyond the seven-day cure period beginning March 13, within which the Clarks had the opportunity to cure the violations in order to avoid an enforcement action against them. 24 V.S.A. § 4451(a). We are also unable to determine for how long the violations continued, or if, and when, any of these violations were cured. These findings are necessary to determine whether this enforcement action is appropriate under § 4451(a) and, if so, the specific relief to which the Town is entitled under 24 V.S.A. §§ 4451 and 4452.

We note for the benefit of the parties that even if the Clarks proved at trial that the violations have been cured at some point after the seven-day warning period expired, these enforcement proceedings are not foreclosed and the timing of the cure is material only as to the assessment of penalties. Finally, because the Town does not reference the May 10, 2012 NOV in its motion, our conclusions here do not affect that portion of the Town's enforcement action.

For the reasons stated more fully above, we conclude that the zoning violations identified in the March 13 NOV must be deemed admitted as a matter of law and we therefore **GRANT** the Town's motion for judgment on the pleadings as to this portion of its Complaint (specifically, paragraph 14). The remainder of the Town's motion is **DENIED**. The Court will set this matter for a conference in 30 days in order to determine how to proceed on the remaining issues.

_____     _____February 14, 2014_____

Thomas S. Durkin, Judge                                           Date

====================================================================

Date copies sent: _____                              Clerk's Initials: _____

Copies sent to:
  Cindy Ellen Hill, Esq., Attorney for the Town of New Haven
  Fritz Langrock, Esq., Attorney for Donald and Jenny Clark