VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org



Docket Nos. 25-ENV-00030
25-ENV-00031
25-ENV-00032

| Bellows Falls Hydroelectric Project Water Quality Cert. Appeal, et al. |

## ENTRY ORDER

Title:    Motion to Vacate Certifications and for Judgment on Questions 1 and 2

Filer:    Ron Shems, Esq., et al., counsel for Appellants

Date:    September 19, 2025

Applicant/Appellee Great River Hydro, LLC's Memorandum in Opposition to Appellants' Motion to Vacate, filed October 17, 2025, by Merrill Bent, Esq., and Suzanne Armor, Esq.

ANR Response in Opposition to Appellants' Motion to Vacate, filed October 17, 2025, by Kane Smart, Esq., and Charles Peel, Esq.

Appellants' Reply in Support of Motion to Vacate, filed October 31, 2025, by Appellants' counsel

**The motion is DENIED.**

These coordinated matters involve appeals by Appellants—Connecticut River Conservancy (CRC), Vermont Natural Resources Council (VNRC), Conservation Law Foundation (CLF), and American Whitewater (AW)—from water quality certifications issued by the Vermont Agency of Natural Resources (ANR) to Great River Hydro, LLC (Applicant) for hydroelectric projects located on the Connecticut River in Bellows Falls, Vernon and Wilder, Vermont.

Under § 401 of the federal Clean Water Act:

> Any applicant for a Federal license or permit to conduct any activity including, but not limited to, the construction or operation of facilities, which may result in a discharge into the navigable waters, shall provide the licensing or permitting agency a certification from the State in which the discharge originates … that any such discharge will comply with the applicable provisions of [certain specified sections] of [Title 33 of the United States Code Annotated].

33 U.S.C.A. 1341(a)(1).[1]  ANR issued each of the relevant certifications with conditions on April 16, 2025, and those certifications were timely appealed.

Appellants have moved to "vacate the certifications … and for judgment on Questions 1 and 2." They ask the Court to vacate and declare void each of the certifications because they assert ANR applied the wrong regulatory standard in its review and granting of the certifications.[2]  Appellants request that the Court remand each of the certification applications back to ANR for further review under the regulatory standard they prefer (and which they contend the law mandates).  Applicant and ANR oppose the motion.  For the reasons set forth herein, the Court denies the motion and declines to vacate and remand the certifications at this time.

At no point in Appellants' 25-page motion and 11-page reply filing do they cite to any applicable procedural rule, under either the Vermont Rules of Civil Procedure (V.R.C.P.) or the Rules of Environmental Court Proceedings (V.R.E.C.P.), that governs their request to vacate and remand. V.R.C.P. 7(b)(1) (requiring motions to "state with particularity the grounds therefor including a concise statement of the facts and law relied on, and . . . set forth the relief or order sought"); Gardner v. Town of Ludlow, 135 Vt. 87, 91 (1977) (denial of motion justified where motion does not set forth with particularity the grounds therefor).  While Applicant and ANR respond to the motion(s) without addressing the applicable procedural rule — and instead argue the merits of the motion(s) — the Court is disinclined to overlook the procedural failings of the motion.  In other words, the Court cannot consider motions that are untethered to the V.R.C.P. and/or this Court's Rules.  See V.R.E.C.P. 5(a)(2) (generally incorporating the Vermont Rules of Civil and Appellate Procedure into this Court's Rules).

With respect to the motion to vacate, the Court is aware of no provision of the V.R.C.P. or law that would require the Court, at this stage of the proceedings, to void a permit that is on appeal (based on a dispute regarding the regulatory standard applied below or otherwise).  While V.R.C.P. 60 potentially provides for relief from a judgment or order of the Court, the Court is not aware of any provision that allows this Court to vacate a lower tribunal's decisions on a simple request and bare assertion that the decisions were incorrect.  To the extent that Appellants assert that ANR applied the

---

[1] Section 1341 is a provision of the "Clean Water Act," so-called, which is codified at 33 U.S. Code Chapter 26 – Water Pollution Prevention and Control, beginning at § 1251.  Section 1341(Certification) is found in Subchapter IV of the Clean Water Act, entitled "Permits and Licenses."

[2] As filed with the Court, Question 1 asks: "Whether the WQCs apply the incorrect 'reasonable assurance' standard rather than the requisite 'will comply' with VWQS standard … or 'assure that any applicant … will comply with' VWQS and appropriate requirements of state law standard … required by CWA [statutory and regulatory citations omitted]."  Question 2, as originally submitted, asks: "Whether the WQCs fail to properly consider and reflect public comment because public comment was reviewed and addressed under the incorrect 'reasonable assurance' standard." Appellants have moved to amend Question 2.  That motion is being addressed by a separate Order.

wrong regulatory standard and that the applications should not have been granted, the Court is required (subject to certain exceptions not applicable here) to conduct a de novo hearing on these appeals, 10 V.S.A. § 8504(h), within the context of the issues properly raised in Appellants' Statement of Questions and in relevant public comments under 10 V.S.A. § 8504(d)(2). The Court therefore **DENIES** Appellants' motion to vacate as uncontemplated by any applicable rule.

Next, Appellants move for judgment on Questions 1 and 2 and to remand this matter. Again, while Appellants make certain legal arguments in support of their substantive positions, they cite to no procedural rule or other provision of law that would authorize the Court to simply grant judgment in their favor and remand the certifications back to ANR at this time. The motion is clearly not a motion for summary judgment as it lacks most, if not all, the requirements of such a motion. See V.R.C.P. 56 (setting forth the procedures by which a party may move for summary judgment).

Arguably, the motion may be considered one for judgment on the pleadings pursuant to V.R.C.P. 12(c). "When considering a motion for judgment on the pleadings, this Court must 'take the facts as pleaded by the nonmoving party as true,' and we may only grant the motion if the moving party is entitled to judgment as a matter of law, based only on 'facts as asserted in the pleadings.'" Town of New Haven v. Clark, No. 25-3-13 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Feb. 14, 2014) (Durkin, J.) (quoting In re Knapp, 152 Vt. 59, 63 (1989); V.R.C.P. 12(c)).

A Rule 12(c) motion tests the legal sufficiency of a party's arguments, much like a Rule 12(b)(6) motion. See Hinesburg Hannaford Water Quality Cert., No. 114-8-14 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Aug. 11, 2015) (Walsh, J.) (noting that review under 12(c) and 12(b)(6) is quite similar and that "a purely legal issue ... is ... appropriate for resolution on the pleadings."). In the context of a de novo appeal to this Court, however, which begins not with a complaint but with a notice of appeal and Statement of Questions, the "pleadings" are typically sparse. See In re Conlon CU Permit, No. 2-1-112 Vtec, slip op. at 1 (stating that we view the notice of appeal and Statement of Questions as the pleadings). Further, the motion here requests the Court review extensive evidence outside of the pleadings, including but not limited to the certifications themselves. See Motion to Vacate, et al, at n* 3-5, 6, 7 (filed Sept. 19, 2025). Thus, by definition, the motion cannot be one for judgment on the pleadings. See V.R.C.P. 12(c).[3]

---

[3] The Court further notes that a Rule 12(c) motion is typically a *defensive* motion. See V.R.C.P. 12 (setting forth defenses and procedures for raising those defenses). The Vermont Supreme Court has not expressly limited such motions but has noted in establishing the applicable standard of review for a 12(c) motion that the relevant standard calls for reviewing "all well pleaded factual allegations in the nonmovant's pleadings . . .." See Thayer v. Herdt, 155 Vt. 448, 456 (1990). In this case, while the Court declines to interpret the motion as one made pursuant to V.R.C.P. 12(c) for the

When a Rule 12(c) motion is properly before the Court and extrinsic materials are provided, the Court has a measure of discretion regarding whether to convert the motion for judgment on the pleadings to one for summary judgment. See Island Indust., LLC v. Town of Grand Isle, 2021 VT 29, ¶ 18. In this case, because the pending motion fails to even identify whether it is being made pursuant to V.R.C.P. 12(c), requiring the Court to speculate regarding its procedural basis, we decline to take the additional leap of faith and convert the motion to one for summary judgment.

As noted above, 10 V.S.A. § 8504(h) makes clear that in cases involving appeals by parties aggrieved by acts or decisions of ANR, this Court must "hold a de novo hearing on those issues which have been appealed ...." 10 V.S.A. § 8504(h). The decision of whether to deny, grant, or grant with conditions a § 401 water quality certification is a case-specific determination that requires applying the law, including relevant statutory provisions, the substantive water quality standards and any applicable regulations, to the facts of a particular proposed activity and its potential impacts. See Hinesburg Hannaford Water Quality Cert., No. 114-8-14 Vec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Aug. 11, 2015) (Walsh J.). The potential remains, through a de novo hearing, for Appellants to present the Court with their arguments regarding the appropriate regulatory standard(s). However, because Appellants have not stated with particularity the procedural grounds for their motion and have presented the Court with no clear means to vacate the below certifications or to grant judgment in Appellants' favor on Questions 1 and 2, there is no basis to remand the matters back to ANR.

Therefore, the Court **DENIES** in full Appellants' September 19, 2025 motions.


Electronically signed on December 4, 2025, pursuant to V.R.E.F. 9(d).

Joseph S. McLean
Superior Court Judge
Environmental Division

---

reasons discussed herein, the propriety of applying the motion offensively is unclear. This is particularly true where, as here, the moving party arguably seeks judgment on its own pleadings and the rules do not contemplate an answer to those pleadings, but only motions to dismiss or clarify. See V.R.E.C.P. 5(f).