STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Howard     }
Bushey and Craig Rich       }
                            }   Docket No.  283-12-00
                            }   Vtec
                            }
                            }
                            }

Decision and Order on Appellants= Motion for Summary Judgment

Appellants Howard Bushey and Craig Rich appealed from a decision of
the Development Review Board (DRB) of the Town of St. Albans
denying their application for a zoning permit to add a motor vehicle
repair shop with a state inspection station to other uses conducted in
two existing buildings on their property. Appellants are represented by
Jesse D. Bugbee, Esq.; the Town is represented by David A. Barra,
Esq.

The Court expected the parties to move for summary judgment on
Questions 1 through 4 of the Statement of Questions. Instead,
Appellants have moved for summary judgment on Question 3 and 5:
whether their application should be deemed to have been approved
due to the following asserted procedural defects in the DRB= s
proceedings: (Q. 3) where the DRB heard new evidence during an
executive session; and (Q. 5) where the DRB voted in favor of the
application, orally communicated the outcome to Appellants, and later
voted against the application and issued a written decision. Questions
1, 2 and 4 addressed whether the property is in a residential[1] zone;
whether the property was formerly in a commercial zone and, if so,
whether the zoning bylaws were validly amended to change the zoning
district; and whether the ZBA chair, who cast a deciding vote, should
have recused himself.

The following facts are undisputed unless otherwise noted.

Appellants own property (sometimes referred to as A Lot 6 of the
Summit Place Subdivision@ ) on Route 105 in one or more residential[2]
zoning districts of the Town of St. Albans. The lot contains two
commercial buildings constructed by a prior owner. A Building 1,@
closest to the road, was constructed in 1980 and has been rented to
various business tenants over the years. A Building 2,@ constructed in
1979, has always been occupied by Franklin Rental and Sales, Inc. Up

to the fall of 2000, the tenants of these buildings had changed over time and had included a pet supply store and grooming business, a farm and garden supply store, a glass shop, office space, a landscaping contractor, and furniture sales, as well as the Franklin Rental and Sales business.[3]

Appellants appear to have applied to the DRB for approval of the existing uses[4], as well as for approval of a motor vehicle repair shop with inspection station, then in the process of moving into Building 1. The ZBA held a public hearing on both applications on October 24, 2000, at which it took evidence and had extensive public discussion, went into deliberative session, and voted to approve both applications. The Zoning Administrator orally notified Appellants of the favorable votes on the following day.

On November 14, 2000, prompted by a motion from one board member, the DRB voted to reopen discussion on both applications. The November 14, 2000 hearing was not warned for this purpose. Appellants were not advised that their application would be on the agenda, and were not present. The DRB did invite Appellant Bushey to appear at the next scheduled meeting on November 28, 2000, at which the reopened discussion was to take place. The parties have not provided a copy of the warning for the November 28, 2000 meeting; their arguments assume that it did not mention that this reopened matter would be on the agenda.

On November 28, 2000, the reopened discussion took place entirely in deliberative session. Mr. Bushey was present; if evidence was taken from him it does not appear in the minutes. The minutes do not reveal whether the neighbor and opponent of the proposed applications who appeared at the October 24, 2000 hearing received any individual notice of the November 28, 2000 hearing or presented any evidence at it; we assume for the purposes of this analysis that he did not. The DRB again voted to approve the existing uses, but voted to deny the application for the motor vehicle repair shop and inspection station.

On December 1, 2000, the DRB issued its written decision denying the motor vehicle repair shop application, and Appellants filed this appeal.

Appellants argue that the DRB could not vote to reopen the deliberations in the absence of new evidence, and that the November 28, 2000 reconsideration and denial of the application were defective due to the failure to warn that meeting or take additional evidence in open meeting. Appellants argue that these defects warrant the

deemed approval of the application for the motor vehicle repair shop and inspection station.

First, the A deemed approval@ remedy is disfavored, as it may result in approvals contrary to a municipality= s zoning regulations and to the State zoning enabling act. The Vermont Supreme Court has reiterated that the deemed approval remedy should be used only to cure A indecision and protracted deliberations@ on the part of the municipal body. In re Appeal of Newton Enterprises, 167 Vt. 459, 465 (1998). In the present case, the DRB= s December 1, 2000 written decision was timely even when measured from the October 24, 2000 hearing; therefore the deemed approval remedy is inapplicable.

However, embedded in their request for the deemed approval remedy are Appellants= legitimate concerns about the process by which the DRB reopened and reconsidered its vote on the motor vehicle repair shop and inspection station. These issues are appropriate for consideration in an appeal from the final decision after reconsideration. Nash v. Zoning Bd. of Adjustment, 153 Vt. 108, 115 (1989).

This Court had occasion to address the circumstances under which a municipal board may reopen a decision in In re: Appeal of Dunn, Docket No. 2-1-98 (Vt. Envtl. Ct., March 8, 1999), based on a balancing of the need for finality in zoning decisions and the need to avoid unnecessary remands. The Court noted that it is good policy, if a board A realizes that it has acted on incomplete or inadequate information, or is informed of previously-unavailable evidence,@ to allow the board to A reopen the initial proceeding if such a procedure may result in a sounder decision, so long as the reopening works no prejudice on the parties and they have adequate notice of the reopened hearing.@ To assure that the reopening works no prejudice, either to parties favoring the original decision or to parties intending to appeal the original decision, we ruled in Appeal of Dunn that a board may reopen a decision under the following conditions.

First, while the board need not warn the meeting at which it decides to reopen, that decision must be taken prior to the expiration of the time for appeal of the original decision. In the present case, the DRB voted to reopen on November 14, 2000, well within the time for issuing the written decision, as well as prior to the expiration of the time for appeal, if it were measured from the original October 24, 2000 oral decision.

Next, after the board has voted to reopen, it must provide the interested parties and the public with proper notice[5] of the hearing to be held on the reopened decision. This step does not appear to have occurred in the present case, although the DRB invited Appellant Bushey to appear. This deficiency alone would warrant remand, rather than to have this Court consider the merits of the reconsideration <u>de novo</u>, as without the proper notice, we do not even know whether all the interested parties who may have wished to be heard on the reconsideration even knew enough to attend the hearing. See, <u>In re Maple Tree Place</u>, 156 Vt. 494, 499 (1991). Moreover, the DRB improperly heard from Mr. Bushey in deliberative session, and neither Mr. Bushey nor the other possible interested parties were allowed to present any additional evidence or argument at the public (open meeting) part of the hearing on the reopened decision.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellants= Motion for Summary Judgment is DENIED in PART and summary judgment is GRANTED to the Town on Appellants= Questions 3 and 5 of the Statement of Questions in that no deemed approval is warranted. However, Appellants= Motion for Summary Judgment is also GRANTED in PART that the November 28, 2000 proceedings of the DRB were improperly warned for DRB to address the merits of the reconsideration, and that the matter must be remanded to that stage in the DRB= s proceedings for the reopened merits of the auto repair and inspection station application to be properly warned and heard.

We will hold a telephone conference at 9 a.m. on Tuesday, October 30, 2001, to discuss whether all that remains in this appeal is for the Court to remand the matter to the DRB for a properly-noticed public hearing on the reopened merits of the auto repair and inspection station application. The Court will place the call. If both parties now agree that the remand should be issued and that it concludes this appeal, please so advise the Court in writing so that it is received at the Court by close of business on Monday, October 29, 2001, and no conference will be necessary.

Done at Barre, Vermont, this 22nd day of October, 2001.

_____
Merideth Wright
Environmental Judge

_____

**Footnotes**

1. At the time of application, the owners thought that the property was in a commercial zoning district; six prior ZBA approvals of the two buildings on the property and their various prior changes of use reflect the 'Commercial' district designation. Any vested rights of the owners to the commercial use of this property are not at issue in this appeal.

2. Colloquy in the minutes of the October 24, 2000 ZBA hearing, page 6, final paragraph, suggests that a portion of the property was high-density residential, and a portion was low-density residential, based on the 1974 zoning map, although on the 1988 zoning map it appears as commercial/residential, and may have been changed again to residential in 1993. Appellants state in their motion for summary judgment that they have not been able to determine when or whether the zone was changed, but assume for the purpose of the motion that it is zoned residential.

3. Appellants refer to a notification from the Zoning Administrator to Appellants some time in 2000 that they might not have the necessary approvals for all of the current uses, including a "small engine repair" use in Building 2; however, neither party has submitted this notification.

4. This application has not been provided and does not appear to be the subject of this appeal. It is referred to in the minutes as expansion of a non-conforming use and a variance under §§305, 315(5) and 320 of the Zoning Bylaws.

5. The Town's memorandum states that there were no interested parties other than Appellants, but the October 24, 2000 minutes reflect the presence and participation of a Mr. David Schofield, who lives on the southwest side of Franklin Rental and appears, at least from the minutes, to qualify as an interested party.