STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| Woodstock Community Trust, Inc., and | } | |
| Housing Vermont Planned Unit Development | } | Docket No. 263-11-06 Vtec |
| (Appeal of Roy, <u>et al.</u>) | } | |
|  | } | |

Decision and Order on Motions to Dismiss and for Partial Summary Judgment

Appellants David Roy, Richard Roy, Michael Hirschbuhl, Tod Minotti, and Mark Stanglin (Appellants) appealed from a decision of the Development Review Board (DRB) of the Town of Woodstock issued on November 3, 2006. The decision first granted reconsideration (by a 5-to-2 vote) of the DRB's April 7, 2006 denial of an application submitted by Appellee-Applicants (Applicants) Woodstock Community Trust, Inc. and Housing Vermont for preliminary approval[1] of a Planned Residential Development[2] located at 473 Woodstock Road, and then granted preliminary approval of the application by a 4-to-3 vote.

---

[1] The zoning ordinance has not been provided. The materials refer to the application as being for "preliminary plat" approval, "preliminary" planned development approval, or "preliminary conditional use and site plan approval." The type of application affects the notice requirements imposed by 24 V.S.A. §4464(a)(1) as compared with those imposed by §4464(a)(2).

[2] The application asks for approval of a PRD, although Applicants' attorney stated at least at the October 24, 2006 hearing that the project does not request the waiver of any of the regulations that would otherwise be applicable to a multiple building residential project. There is no dispute that the project proposes 36 units of affordable housing in 13 to 15 residential style buildings ranging from duplex to 4-unit structures, with approximately ten units to be owner-occupied and the remainder to be rental units, clustered on a portion of a 7.51-acre parcel.

1

Appellants are represented by Kaveh S. Shahi, Esq.; Appellee-Applicants are represented Daniel C. Hershenson, Esq.; and the Town of Woodstock is represented by Todd C. Steadman, Esq. Questions 3, 7, and 11 of the Statement of Questions were dismissed in a December 5, 2006 order of the Court, as this is a de novo proceeding. The Town has moved to dismiss Questions 4 and 8 of Appellants' Statement of Questions. Appellants and the Town have each moved for summary judgment on Questions 1, 2, 5, and 6 of Appellants' Statement of Questions. The following facts are undisputed unless otherwise noted.

On January 26, 2006, Applicants filed Application #T-3683-06 for preliminary approval of a 36-unit Planned Residential Development (PRD) located at 473 Woodstock Road in a Residential Medium Density zoning district of the Town of Woodstock. The DRB held public hearings on the application on February 28, 2006 and March 28, 2006. The DRB holds its regularly-scheduled meetings on the fourth Tuesday of each month. At the March 28, 2006 public hearing, the DRB unanimously voted to deny the application as presented; the DRB issued its written Notice of Decision denying the application on April 7, 2006.

On April 14, 2006, within the time for appeal of the April 7, 2006 decision, Applicant submitted a letter to the Town Planner requesting that the DRB reconsider its denial of the application. At its regularly-scheduled meeting on April 25, 2006, the DRB must have discussed the letter and scheduled the matter for hearing at the May 23, 2006 hearing of the DRB, because paragraph 3 on page 1 of the DRB's June 1, 2006 Notice of Decision on the reconsideration states that the issue of reconsideration was "continued to tonight [that is, the May 23, 2006 hearing] under certain conditions: that abutters be notified and that a full board be present." As the May 23, 2006 hearing would occur after the time for appeal would have expired, on May 4, 2006 Applicants also filed an appeal to this court of the April 7, 2006 decision; this appeal received Docket No. 99-5-06 Vtec.

At the May 23, 2006 hearing the DRB reviewed approximately twenty letters

2

addressing the reconsideration request, but the DRB does not appear to have taken any evidence or testimony about whether to reconsider. The DRB voted 7-to-0 to grant the reconsideration, that is, to reopen the hearing on the merits of the application for preliminary approval of the PRD proposal. Directly after that vote the DRB proceeded to take testimony from representatives of the Applicant, from Appellant Minotti, and from others not now involved in this litigation. The DRB then closed the testimony, deliberated, and voted 6-to-1 to grant preliminary approval to the application. In its written decision issued June 1, 2006, the DRB noted that certain "concerns" would be addressed at what it characterized as "the formal application stage;" it listed these issues as: "density, mass, architectural compatibility, traffic, landscaping, lighting, parking, pedestrian needs, and being sensitive to the immediate neighborhood." The DRB issued two separate written decisions on June 1, 2006, one granting reconsideration and one granting preliminary approval[3] of the application.

On June 30, 2006, Appellants filed an appeal to this court of the June 1, 2006 decisions; this appeal received Docket No. 152-6-06 Vtec. After the initial conference was held in Docket No. 152-6-06 Vtec pursuant to V.R.E.C.P. 2(d), on August 17, 2006, the Town requested the Court to remand Docket No. 152-6-06 Vtec pursuant to V.R.E.C.P. 5(i). The Town recognized that the DRB's hearing in May had not been properly noticed or conducted in accordance with the principles discussed in In re: Appeal of Dunn, et al., Docket No. 2-1-98 Vtec (Vt. Envtl. Ct., Mar. 8, 1999), and requested the remand to allow the DRB to properly warn the public hearing and take evidence. Appellants filed with the

---

[3] Docket No. 99-5-06 Vtec (the appeal of the denial of preliminary approval) was dismissed by the Court (without prejudice to further proceedings on the application) after the DRB issued its June 1, 2006 grant of preliminary approval. Woodstock Community Trust, Inc. and Housing Vermont have moved to reinstate Docket No. 99-5-06 Vtec to bring the merits of the application before this Court.

3

Court their agreement to the remand of Docket No. 152-6-06 Vtec, as long as their rights were preserved to raise all issues in a future appeal. The Court granted the remand, stating in its entry order that any new appeal from the remanded proceedings would be a new case with a new docket number, but that if such an appeal were to be filed, "appellants who were parties to [Docket No. 152-6-06 Vtec] or Docket No. 99-5-06 Vtec may raise any issues [in the new appeal that] they could have raised in those respective appeals."

In the remanded proceedings before the DRB, on August 30, 2006, Applicants filed a new application for preliminary approval of the same 36-unit PUD that was the subject of the earlier application (although the project was renamed the Grange Hill project and the application was assigned a new application number: #T-3767-06).

The DRB scheduled a public hearing on the application for September 26, 2006, and mailed a notice of the hearing to adjoining property owners. A copy of the notice is appended to this decision.

The notice stated that the purpose of the hearing was "to consider zoning application: T-3767-06 filed by [Applicants] seeking Preliminary Conditional Use & Site Plan Approval" and, in the text of the notice, stated that the hearing was:

> To determine whether or not the TDRB should reconsider the Preliminary Application of Woodstock Community Trust Inc., in which Preliminary Approval per Section 313C.2 was sought for the Planned Development of 36 units of Affordable Owner Occupied (+/-10) and Rental (+/-26) Housing in 13-15 Residential Style Buildings ranging from duplex to fourplex structures. If it is determined that the TDRB will reconsider the Preliminary Application, then a hearing will immediately follow during which the Preliminary Application will be reconsidered. The Board will accept evidence and argument on both matters.

The notice also contained a warning that: "participation in this local proceeding is a prerequisite to the right to take any subsequent appeal," and that such an appeal must be filed within thirty days of the date of the decision. It stated that a "copy of the application

4

and additional information" was available for review at the Zoning and Planning Office, and gave a telephone number to call "if you have any questions or concerns regarding this application."

At the scheduled public hearing of the DRB held on September 26, 2006, only four of the seven DRB members were present. Under 24 V.S.A. §4461(a), four of the seven members, that is, a majority of the DRB, is a quorum allowing the DRB to proceed to conduct the hearing. However, also under §4461(a), any action of the DRB "shall be taken by the concurrence of a majority of the members" of the DRB, so that at that hearing all four members who were present would have had to have agreed in order to take any action.

The DRB took testimony on the request to reconsider, closed the testimony, deliberated, and voted. The vote was 3-to-1 in favor of reconsideration, so that it was not effective as a DRB action under §4461(a). The DRB therefore treated the vote as "non-binding" and stated at the public hearing that the request for reconsideration would be "continued to the next meeting," that is, to the regularly-scheduled October meeting, "for further deliberation when more TDRB members are present."

No additional notice of the October DRB meeting was sent to the adjoining landowners. As described in the November 3, 2006 DRB decision, Attorney Shahi had sent the DRB two letters between the September 2006 and the October 24, 2006 hearings, arguing that "reconsideration was not an option" and stating that a revised personal notice of the October hearing had not been sent to adjoining landowners. On September 29, 2006, in a letter to the Town's attorney, and on October 17, 2006, in a letter to the Chair of the DRB, Attorney Shahi also expressed his clients' objections to the prospective participation of any absent DRB members in the continued hearing if they had already decided their prospective votes in favor of reconsideration. Attorney Shahi, Appellant Hirschbuhl, Appellant Minotti, and one of the Appellants Roy attended and spoke at the October 24,

5

2006 hearing.

At the October 24, 2006 hearing, all seven of the DRB members were present. The DRB reopened the evidentiary portion of the hearing on whether to reconsider, took additional evidence and arguments, including from Attorney Shahi and from Appellants Hirschbuhl, Minotti, and Roy, deliberated, and then voted 5-to-2 in favor of granting the request for reconsideration, that is, to reopen the hearing on preliminary approval.

At the October 24, 2006 hearing, after voting to reconsider, the DRB proceeded immediately to what it characterized as the "rehearing" on the merits of the preliminary application. After taking additional evidence and hearing arguments, the DRB voted 4-to-3 in favor of granting preliminary approval for Applicants' proposed planned development project. The DRB issued a single written decision on November 3, 2006, the first section of which granted reconsideration, and the second section of which granted preliminary approval of the application. These decisions are the subject of the present appeal, Docket No. 263-11-06 Vtec.

Motion to Dismiss Questions 4 and 8

The Town moved to dismiss Questions 4 and 8, which ask whether the DRB "improperly utilized" the "'reconsideration' procedure" (Question 4) or the "re-hearing on 'reconsideration' procedure" (Question 8) to allow the applicant "to circumvent the proper appeal process" applicable to the March 2006 denial decision.

In granting the remand of Docket No. 152-6-06 Vtec, the Court specifically allowed Appellants, as parties to the remanded Docket No. 152-6-06 Vtec, or to the dismissed-as-moot Docket No. 99-5-06 Vtec, to raise any issues in the present appeal that they could have raised in those two former appeals. While the Town may be correct that the motivation or intent of the DRB members is not necessarily relevant in a de novo appeal, Questions 4 and 8 do not focus on the motivation or intent of the DRB, rather, they raise issues of whether

6

a DRB may reconsider a denial decision at all. These issues were within the scope of Docket No. 152-6-06 Vtec and therefore may be raised by Appellants in the present appeal. They do not entirely duplicate Question 1 or Question 9, although there is some overlap.

Accordingly, Questions 4 and 8 are within the scope of the present appeal, and the Town's Motion to Dismiss them is DENIED.


Cross-Motions for Summary Judgment on Questions 1, 2, 5, and 6

Questions 1, 2, 5, and 6 raise issues of whether the DRB was authorized under the applicable law to 'reconsider' its earlier decision of March 28, 2006; whether it followed proper procedure in proceeding with a hearing on whether to reconsider; whether the DRB was authorized under the law to hold a hearing on the application for preliminary approval immediately following its decision to grant reconsideration, without additional notification; and whether it followed proper procedure in conducting that hearing on the application for preliminary approval. With respect to the procedure used in conducting both hearings, Questions 2 and 6 specifically include but are not limited to whether a notice of hearing was provided, whether it was adequate, and whether it contained sufficient explanation as to the nature of the hearing and its potential consequences. With respect to the conduct of the hearings,[4] Questions 2 and 6 specifically include but are not limited to whether the participants were given the opportunity to present testimony and other evidence.

---

[4] The procedures required by the Vermont Municipal Administrative Procedure Act, 24 V.S.A. §1201 et seq., are not applicable to these proceedings, as the Town of Woodstock has not elected to proceed under that statute or to have its decisions reviewed on the record. Rather, a de novo standard of review applies in this Court to the decisions of this DRB. 10 V.S.A. §8504(h).

Question 1 of the Statement of Questions

Appellants argue that a DRB may not reconsider a decision once it has voted, and that no remand or reconsideration provision is found in the enabling statute. We must consider the DRB's April–May reconsideration (which resulted in the June 1, 2006 decision appealed to the Court in Docket No. 152-6-06 Vtec), separately from the DRB's September–October reconsideration (which resulted in the November decision appealed to the Court in the present appeal), as the latter decision resulted from the remand procedure explicitly provided in V.R.E.C.P. 5(i). And see 24 V.S.A. §4464(a)(5), final sentence.

Without regard to the remand procedure contemplated by V.R.E.C.P. 5(i), a DRB is entitled to reconsider its own decision, with certain limitations as to the appropriate time frame and procedure. First, by specifically providing that a DRB may reject a request for reconsideration out of hand (that is, without holding a hearing) if it involves no new facts or issues, 24 V.S.A. §4470(a) (2004[5]) implicitly recognizes that a DRB may entertain and grant a request for reconsideration. Nothing in §4473 alters this conclusion.

Moreover, prior to the enactment of the statutory amendments effective in 2004, this procedural question was fully analyzed in In re: Appeal of Dunn, et al., Docket No. 2-1-98 Vtec (Vt. Envtl. Ct., March 8, 1999); that reasoning remains sound. Prior to this Court's decision in Dunn, the Vermont Supreme Court in Nash v. Warren Zoning Board of Adjustment, 153 Vt. 108, 114 (1989), had allowed a municipal zoning authority to reopen a proceeding sua sponte (but within the thirty-day appeal period), to hold a newly-warned hearing to receive new evidence, and to issue a new decision.

---

[5] Prior to the statutory amendments effective in 2004, the former language (codified in former §4470(b)) specifically provided for such procedure applicable to successive appeals taken to the DRB, but did not apply it to requests made directly to the DRB for reconsideration of its own decisions.

8

The Supreme Court recognizes that, in Vermont, a municipal panel making a land use decision "is a board of lay[persons], carrying out a proceeding intended to offer redress without insistence on technical procedural rules," In re Crescent Beach Ass'n, 126 Vt. 140, 141 (1966), although it must be held to basic requirements, including that of making adequate findings to advise the parties of what was decided and "how a board's decision was reached based on the evidence submitted." In re Appeal of Leikert, Docket No. 2004-213 (Vt. Supreme Ct., Nov. 10, 2004) (three-justice panel), slip op. at 2, and cases cited therein.

In general, as discussed in In re Maple Tree Place, 156 Vt. 494, 499–500 (1991), it is better practice to allow a municipal panel to correct its own mistakes in the first instance, rather than to require such mistakes to be dealt with by the court on appeal, especially as the Court is "beyond its role as an appellate tribunal, even under a de novo review standard, to start addressing new issues never presented to the [municipal panel] and on which interested persons have not spoken in the local process." Id. at 500.

In Dunn this Court noted that a balance must be struck between the value of allowing a municipal panel to reopen and correct its own decisions, and the right of litigants "to a reasonably prompt certainty of decision at the municipal level, so that they can act on or appeal a granted or denied permit." Id., slip op. at 4–5. Thus, as in that case, if a municipal panel decides sua sponte to reopen a decision, it must decide to do so and notify the parties of that decision before the time has expired for an appeal of the original decision, so that no party would be disadvantaged either by failing to take a timely appeal or by acting on the permit after the time has expired for an appeal to be filed. Also see Nash, 153 Vt. at 114, n.6. Further (at least prior to the Vermont Supreme Court's adoption of V.R.E.C.P. 5(i) under the authority of 24 V.S.A. §4471(a) ("as the supreme court may by rule provide")), the municipal panel's decision to reopen "must be supported by good cause." In re Maple Tree Place, 156 Vt. at 502.

This Court in Dunn balanced these policy considerations as they existed prior to the 2004 statutory amendments, and set out the procedure for a municipal panel properly to reopen or reconsider one of its decisions, in the absence of an appeal to or a remand from this Court. The essential elements of that process are that the participants in the local process must be made aware of the potential for reopening the original decision prior to the expiration of the time for appeal of that original decision. The panel must then provide proper statutory notice of the hearing to be held on the merits of the reopened decision. At the hearing to be held on the merits of the reopened decision, the panel must allow all interested parties to present any additional evidence and argument at the hearing on the reopened decision.

Nothing about a DRB's decision to reconsider "circumvents" the "proper" appeal process; it simply returns the DRB's proceedings on the application to the point before the DRB would have voted on the merits of the application. Particularly when an application is in its "preliminary" phase, such reconsideration may allow a municipal panel to complete its responsibilities before the matter is taken up by the Court, and reduce the number of intermediate appeals taken during successive phases of a single proceeding. See, generally, the discussion of preliminary plat review in In re Appeal of Carroll, 2007 VT 19, ¶¶13, 16.

However, as the parties were not given the opportunity to address Question 4 of the Statement of Questions on summary judgment we will not rule on it in this decision (just as, with regard to a V.R.C.P. 12(b) motion to dismiss or 12(c) motion for judgment on the pleadings, conversion to summary judgment must be done with notice and the opportunity for responses). Please be prepared to discuss it at the conference scheduled in the final paragraph of this decision.

In the present case, in the first round of reconsideration prior to this Court's remand of Docket No. 152-6-06 Vtec, while the DRB did have authority to reopen its April 7, 2006

10

decision, and did act on that authority by scheduling the hearing on reconsideration prior to the expiration of the appeal period, the DRB failed to allow the interested parties to present additional evidence, as well as argument, at the hearing on the merits of the reopened decision. Appellants' initial appeal of the June 1, 2006 decision of the DRB granting preliminary plat approval (Docket No. 152-6-06 Vtec) properly raised that issue. The parties recognized the procedural deficiencies[6] that resulted in the request to remand the matter to be done properly by the DRB. If the Court had considered that issue on summary judgment in Docket No. 152-6-06 Vtec and had ruled in Appellants' favor, that consideration would only have taken a longer time to reach the same result: to vacate the DRB decision on the merits of the reopened preliminary approval decision and to remand the matter to the DRB for it properly to notice and conduct that hearing. 24 V.S.A. §4464(a)(5).

Once the June DRB reconsidered decision granting preliminary approval was under appeal to this Court in Docket No. 152-6-06 Vtec, however, that appeal was governed by the Vermont Rules for Environmental Court Proceedings, which have their statutory basis in 24 V.S.A. §4471(a) with respect to municipal appeals, as well as in 4 V.S.A. §1001(g). Those rules provide that "[a]t the request of the tribunal appealed from, the court, at any time prior to judgment, may remand the case to that tribunal for its reconsideration." V.R.E.C.P. 5(i). This Court granted the request for remand in an Entry Order dated August 25, 2006, noting that in any future appeal from the DRB proceedings after remand, the parties to Docket No. 152-6-06 Vtec or Docket No. 99-5-06 Vtec could raise in such new appeal (that is, the present appeal) "any issues they could have raised in those respective appeals."

---

[6] To the extent that Questions 2 and 6 of the Statement of Questions refer to the procedures for the May 2006 hearing leading to the June 1, 2006 decision, they are moot at the present time, due to the remand.

11

As V.R.E.C.P. 5(i) explicitly provides for a remand for reconsideration at the request of the DRB "at any time prior to judgment," the mere occurrence of reconsideration by the DRB in September and October of 2006, could not "circumvent" the "proper appeal process." Rather, remand for reconsideration pursuant to V.R.E.C.P. 5(i) is now an integral part of that process. Accordingly, summary judgment must be granted in favor of the Town and of Applicants on Question 1 of the Statement of Questions: the DRB was authorized under applicable law to reconsider its denial of preliminary approval, both when it initially decided to do so, and after remand of Docket No. 152-6-06 Vtec by this Court.

Questions 2, 5, and 6 of the Statement of Questions

The motions for summary judgment on Questions 2, 5, and 6 of the Statement of Questions raise issues regarding the adequacy of such notice[7] as was provided to adjoining landowners and to other potentially interested parties of the public hearing held on September 26, 2006 and continued to October 24, 2006.

The statutory requirements for public notice of warned public hearings are found in 24 V.S.A. §4464(a)(1) and (2), depending on the type of application. The parties' arguments refer to §4464(a)(2) and do not argue that §4464(a)(1) was applicable to this

---

[7] Questions 2, 5, and 6 are stated in broader terms than merely raising issues as to adequacy of notice. To the extent that they address whether the hearings were properly conducted, such issues are not before the Court as these appeals are de novo. However, the issue of whether the DRB could warn and hold a hearing on the application for preliminary approval immediately following and contingent on its decision to grant reconsideration, without additional notification, is before the Court on the present motions. At the conference scheduled in the final paragraph of this decision, the parties should be prepared to address whether anything remains of Questions 2, 5, or 6 after the present decision.

application for preliminary approval.[8]

Section 4464(a)(2) requires the municipality to give public notice not less than seven days prior to the hearing, by posting the date, place, and purpose of the hearing in three or more public places and by written notification "to the applicant and to the owners of all properties adjoining" the subject property. The written notification is required to "include a description of the proposed project and shall be accompanied by information that clearly informs the recipient where additional information may be obtained, and that participation in the local proceeding is a prerequisite to the right to take any subsequent appeal."

The notice of the September 26, 2006 hearing states the date and place of the hearing, informs the recipient where additional information may be obtained, and advises that participation in the local proceeding is a prerequisite to the right to take any subsequent appeal. Appellants do not argue that the notice was not properly posted, nor do they claim that the notice of the September 26, 2006 hearing was not mailed to the adjoining landowners.

Rather, Appellants argue that the notice of the September 26, 2006 hearing was inadequate because its description of the proposed project failed to provide an explanation of the 'reconsideration' process, failed to state the decision that would be reconsidered, failed to state the basis for the reconsideration process or what would constitute grounds for reconsideration, and failed to explain that the hearing on whether to reconsider was being combined with a contingent rehearing on the merits of the application in the event reconsideration were to be granted.

The statute only requires a description of the proposed project, not any description of the proposed action on the agenda of the hearing. Nevertheless, the notice of the

---

[8] In addition to the requirements of §4464(a)(2), §4464(a)(1) requires publication of the date, place, and purpose of the hearing in a local newspaper, and sets an advance notice period of at least fifteen days prior to the hearing.

13

September 26, 2006 hearing was adequate under both interpretations. It gave the names of the applicants, the current application number, and both the address and the tax number for the property. It described the project fully as "the Planned Development of 36 units of Affordable Owner Occupied (+/- 10) and Rental (+/- 26) Housing in 13–15 Residential Style Buildings ranging from duplex to fourplex structures." The notice provided the additional information that the hearing was "to determine whether or not [t]he []DRB should reconsider the Preliminary Application of Woodstock Community Trust, Inc., in which Preliminary Approval per Section 313C.2 [of the zoning ordinance] was sought for the Planned Development" as described. The notice provided the further additional information about the sequence of the hearing that "[i]f it is determined that the []DRB will reconsider the Preliminary Application, then a hearing will immediately follow during which the Preliminary Application will be reconsidered," that is, on the merits of the application, and advised the reader that the DRB "will accept evidence and argument on both matters."

Moreover, the statute does not require that any of that additional information be included in the notice, beyond the description of the project itself, which was satisfied in the notice. Rather, the notice must only "clearly inform[] the recipient about where additional information can be obtained," 24 V.S.A. §4464(a)(2)(B), so that any potentially interested party could find out more about what was to be dealt with at the hearing regarding the particular project. The notice met this standard; if any information was lacking from the notice itself, the notice was effective to put any potentially interested party, including Appellants, on notice to inquire at the Zoning and Planning Office, or by calling the telephone number provided on the notice.

Not only was the notice of the September 26, 2006 hearing sufficient to satisfy the

14

statute,[9] but it represented at least a reasonable effort to provide adequate notice and was not "materially misleading in content." 24 V.S.A. §4464(a)(5) provides that "[n]o defect in the form or substance of any requirements in [§4464(a)(2)] shall invalidate the action of the [DRB] where reasonable efforts are made to provide adequate posting and notice" if such defects are not "materially misleading in content."

The September 26, 2006 public hearing was then continued "to the next meeting." The parties do not dispute that the regularly-scheduled meetings of the DRB are held on the third Tuesday of every month at 7:30 at the Town Hall, nor that the next meeting after the September 26 hearing was on October 24, 2006. At the September 26, 2006 DRB meeting, the Zoning Administrator announced October 24, 2006 as the date of the next DRB meeting. The only remaining issue is whether a new written notice of the continued date for the hearing had to have been sent to the adjoining landowners.

A continued hearing does not require separate notice, so long as participants at the first hearing are informed[10] as to when and where the continued hearing will take place. In re McEwing Services, LLC, 2004 VT 53, ¶17 (stating that "the board may continue the

---

[9] In any event, the statutory remedy under 24 V.S.A. §4464(a)(5) for even defective notice resulting in "invalid" action of the DRB is that "the action shall be remanded to the [DRB] to provide new posting and notice, hold a new hearing, and take a new action." That is, if the notice had been defective, the remedy would have been yet another remand for the DRB to try once again, not the denial of the application. The statute, as well as case law, demonstrates a preference for deciding cases on their merits, if possible. V.R.E.C.P. 1; Desjarlais v. Gilman, 143 Vt. 154, 158–59 (1983); and see, e.g., Appeal of V.G. General Store, Inc., Docket No. 84-5-04 Vtec (Vt. Envtl. Ct., May 26, 2006), slip op. at 4; In re: Appeal of Jenness & Berrie, Docket No. 134-7-04 Vtec (Vt. Envtl. Ct., Sept. 20, 2006), slip op. at 2.

[10] Unlike in Town of Randolph v. Estate of White, 166 Vt. 280, 283 (1997), the participants received adequate personal notice of the September hearing to advise them of their rights and allow them to participate. Those who appeared in September received adequate notice of the continuation date; those who declined to appear in September were not entitled to any additional notice.

15

hearing and reconvene it at a later date, as long as it announces at adjournment the time and place where the hearing will be reconvened"); 1 V.S.A. §312(c)(4).

Appellants ask the Court to interpret the statement that the hearing was being continued "for further deliberation when more TDRB members are present," to mean that the DRB's continuation of the hearing "to the next meeting" was actually intended to continue it to some uncertain future date, because it could not be known in advance whether more than four DRB members would be present at the next regularly-scheduled meeting on October 24, 2006.

Such an interpretation goes beyond the bounds of the common sense which should be used in evaluating the actions of lay municipal boards. See In re Maple Tree Place, 156 Vt. at 499, 502. The DRB's statement that the September 26, 2006 hearing on this project would be continued to "the next meeting" was made in the context of the Zoning Administrator's announcement that the next meeting would take place on October 24, 2006 and the fact that the Town's website and its annual report state that DRB regular meetings are held on the third Tuesday of every month at 7:30 at the Town Hall. It sufficed to provide participants at the September 2006 hearing with the required notice that the hearing would continue at the same place on Tuesday, October 24, 2006, at 7:30 P.M. The DRB's action complied with the requirement of McEwing and 1 V.S.A. §312(c)(4) that "the time and place for the adjourned meeting [be] announced before the meeting adjourns."

Further, Attorney Shahi wrote two letters on behalf of his clients requesting that two board members be disqualified from participating in the continued hearing, one on September 29, 2006 to the Town's attorney, and one on October 17, 2006 to the Chair of the DRB, showing that he was aware that the hearing would continue on that date. More

16

importantly, Attorney Shahi, Appellant Hirschbuhl, Appellant Minotti, and one of[11] the Appellants Roy attended and spoke at[12] the October 24, 2006 hearing. No confusion or prejudice to Appellants resulted from the continuation of the September 26, 2006 hearing to October 24, 2006.

With regard to the DRB's procedure of scheduling both hearings for the same meeting of the DRB, with the second hearing (on the merits of the preliminary application) contingent on a positive vote to reopen the matter, the notice adequately warned any potential participants of the procedure that would be followed. In particular, it adequately warned that the hearing on the merits of the preliminary application would occur on the same meeting date, contingent on (and immediately after) the vote on whether to reconsider. Nothing in the enabling statute precludes such a practice. Appellants did in fact participate on the merits of the preliminary application, and were therefore not disadvantaged by the notice.

As the DRB only meets once a month, it is understandable that the DRB did not want to delay its consideration of the merits of the preliminary application to a month (or more) after it would have voted on whether to reopen. However, in general it may be better practice to schedule such proceedings for separate meetings of the DRB, to avoid any appearance or suggestion of an already-determined result on the question of whether to reopen.

---

[11] The minutes or statements of testimony contained in the November 3, 2006 written decision only refer to the witnesses by their last names.

[12] As no party is seeking the dismissal of Appellant Stanglin (or the second Appellant Roy) for failing to meet the requirement of 24 V.S.A. §4471(a) to participate (by submitting evidence or a statement of concern, either orally or in writing), we conclude that they had the opportunity to attend the meeting and to submit evidence or statements in writing.

17

Accordingly, summary judgment must be granted in favor of the Town and of Applicants on Questions 2, 5, and 6 of the Statement of Questions.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that the Town's Motion to Dismiss Questions 4 and 8 of the Statement of Questions is DENIED; and that summary judgment is GRANTED in favor of the Town and Applicants on Questions 1, 2, 5, and 6 of the Statement of Questions.

We have scheduled a telephone conference (see enclosed notice), at which the parties should be prepared to discuss whether any facts are in dispute as to Questions 4, 8, and 9 of the Statement of Questions, or whether those questions may also be resolved as a matter of law. The parties should also be prepared to discuss whether the trial on the merits of the preliminary application, as stated at least in Question 10 of Appellants' Statement of Questions, should be coordinated with any appeal of the DRB's action on the final application now pending before the DRB. The parties shall inform this Court when the final application is ruled on by the DRB. Further, unless and until Questions 8 and 9 are ruled on adversely to Appellee-Applicants, their original appeal of the denial (Docket No. 99-5-06 Vtec) remains moot. Accordingly, their motion to reinstate the original appeal is denied at this time, without prejudice to their filing such a motion again in the future (see enclosed entry order in that docket number).

Done at Berlin, Vermont, this 10th day of May, 2007.

_____
Merideth Wright
Environmental Judge

18